IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **(1) TransCapital Leasing Associates 1994-I L.P.**, a Delaware limited partnership, **(2) Plains Capital Corporation**, a Texas corporation and its subsidiaries including **(3) PlainsCapital Bank**, a Texas banking association, f/k/a Plains National Bank, and **(4) Plains Financial Corporation**, a Texas corporation, A PARTNER OTHER THAN THE TAX MATTERS PARTNER | § | FILED JAN - 6 2006 U.S. COURT OF FEDERAL CLAIMS |
| **Plaintiffs,** | § | CASE NO. 06-24 T |
| v. | § | |
| **United States of America,** | § | |
| **Defendant.** | § | |

**PETITION FOR READJUSTMENT OF**
**PARTNERSHIP ITEMS UNDER 26 U.S.C. § 6226**

Plaintiffs, Plains Capital Corporation, PlainsCapital Bank f/k/a Plains National Bank, and Plains Financial Corporation, by and through undersigned counsel, hereby file this Petition for Readjustment of Partnership Items against Defendant, The United States of America, and state as follows:

## I. PLAINTIFFS

1. Plaintiff, **Plains Capital Corporation**, EIN 75-2182440, a Texas corporation, has its principal place of business in Dallas, Dallas County, Texas. Its address is 2911 Turtle Creek Blvd., Dallas, Texas 75219.

2. Plaintiff, **PlainsCapital Bank f/k/a Plains National Bank** ("Plains Bank"), EIN 75-0910774, a Texas banking association, has its principal place of business in Lubbock, Lubbock County, Texas. Its address is 5010 University Avenue, Lubbock, Texas 79413.

3. Plaintiff, **Plains Financial Corporation** ("Plains Financial"), EIN 75-2255891, a Texas corporation, has its principal place of business in Lubbock, Lubbock County, Texas. Its address is 5010 University Avenue, Lubbock, Texas 79413.

4. For federal income tax purposes, Plains Capital Corporation, Plains Bank, and Plains Financial file a consolidated income tax return.

5. Plains Financial is a notice partner, pursuant to 26 U.S.C. §§ 6226(b) and 6231(a)(8) of the Internal Revenue Code of 1986, as amended (the "Code"), of **TransCapital Leasing Associates 1994-1 L.P.** (the "Partnership"), EIN 54-1740547, a Delaware limited partnership.

6. The address of the Partnership is 11490 Commerce Park Drive, Suite 500, Reston, VA 20191.

7. TransCapital Management Associates Limited Partnership XII, EIN 54-1740553, a Delaware limited partnership ("TMALP XII"), is the Tax Matters Partner of the Partnership. The address of TMALP XII is 11490 Commerce Park Drive, Suite 500, Reston, VA 20191.

8. The Commissioner of Internal Revenue (the "Commissioner") issued a separate Notice of Final Partnership Administrative Adjustment for each of the Partnership's taxable years ended December 31, 1994, December 31, 1995,

December 31, 1996, December 31, 1997, December 31, 1998, December 31, 1999, and December 31, 2000 (collectively, the "FPAAs", singly, the "FPAA").

9. The FPAAs issued for the Partnership's taxable years 1994-1999 were each dated August 15, 2005.

10. The FPAA issued for the Partnership's taxable year 2000 was dated August 29, 2005.

11. The Commissioner issued the FPAAs from his office located at 4050 Alpha Road, Suite 517, MC:8000NWSAT, Dallas, TX 75244. A copy of each FPAA is attached as Exhibit "A."

12. TMALP XII failed to file a Petition for Readjustment of Partnership Items within ninety (90) days of either August 15, 2005 or August 29, 2005.

13. Plains Financial is a 99% limited partner in the Partnership. Plains Bank owns 90% of Plains Financial. In turn, Plains Capital Corporation owns 100% of Plains Bank. Consequently, both the proposed and the alternative adjustments in the FPAAs would result in deficiencies for the Plaintiffs.

14. According to Sections 6226(b) and 6226(d) of the Code, Plaintiffs have standing to bring this Petition.

## II. DEFENDANT

15. Defendant is the United States of America. Pursuant to Rule 4 of the Rules of the Court of Federal Claims, the Clerk of the U.S. Court of Federal Claims serves the United States of America by delivering five (5) copies of this petition to the Honorable Roberto R. Gonzales, Attorney General of the United States, Tenth and Pennsylvania Avenues, N.W., Washington D.C. 20530.

## III. STATEMENT OF CASE

16. This is a civil action arising under Section 6226(b) of the Code for the redetermination of final partnership administrative adjustments to the Partnership's Form 1065 income tax returns for the taxable years ended December 31, 1994, December 31, 1995, December 31, 1996, December 31, 1997, December 31, 1998, December 31, 1999 and December 31, 2000 as set forth by the Commissioner in the FPAAs.

17. For the Partnership's short taxable year ended December 31, 1994, the Commissioner erroneously and illegally determined (i) a positive adjustment to the Partnership's net rental income in the amount of $625,291.00 and (ii) a negative adjustment to the Partnership's interest income in the amount of $254,287.00.

18. For the taxable year ended December 31, 1995, the Commissioner erroneously and illegally determined (i) a positive adjustment to the Partnership's net rental income in the amount of $2,492,381.00 and (ii) a negative adjustment to the Partnership's interest income in the amount of $1,012,866.00.

19. For the taxable year ended December 31, 1996, the Commissioner erroneously and illegally determined (i) a positive adjustment to the Partnership's net rental income in the amount of $2,492,381.00 and (ii) a negative adjustment to the Partnership's interest income in the amount of $878,852.00.

20. For the taxable year ended December 31, 1997, the Commissioner erroneously and illegally determined (i) a positive adjustment to the Partnership's net rental income in the amount of $2,492,381.00 and (ii) a negative adjustment to the Partnership's interest income in the amount of $730,804.00.

21. For the taxable year ended December 31, 1998, the Commissioner erroneously and illegally determined (i) a positive adjustment to the Partnership's net rental income in the amount of $2,492,381.00 and (ii) a negative adjustment to the Partnership's interest income in the amount of $567,254.00.

22. For the taxable year ended December 31, 1999, the Commissioner erroneously and illegally determined (i) a positive adjustment to the Partnership's net rental income in the amount of $2,492,381.00 and (ii) a negative adjustment to the Partnership's interest income in the amount of $386,578.00.

23. For the taxable year ended December 31, 2000, the Commissioner erroneously and illegally determined (i) a positive adjustment to the Partnership's net rental income in the amount of $2,087,627.00 and (ii) a negative adjustment to the Partnership's interest income in the amount of $160,799.00.

## IV. JURISDICTION AND VENUE

24. Jurisdiction is conferred upon this Court by Section 6226(b) of the Code and 28 U.S.C. § 1346(e).

25. Venue is proper in this Court according to 28 U.S.C. § 1402(c).

26. For jurisdiction purposes, Plaintiffs have complied with the requirements of Section 6226(e) of the Code by depositing with the Commissioner $3,973,931 ($128,563 for the short taxable year 1994, $506,114 for taxable year 1995, $559,088 for taxable year 1996, $621,549 for taxable year 1997, $724,233 for taxable year 1998, $766,738 for taxable year 1999, and $667,646 for taxable year 2000), representing the amount by which the Plaintiffs' federal income tax liability would be increased if the treatment of the partnership items on the Plaintiffs' tax

returns for taxable years 1994-2000 were made consistent with the treatment of partnership items on the Partnership's tax returns for taxable years 1994-2000, as adjusted by the final partnership administrative adjustments determined by the Commissioner in the FPAAs.

27. Plaintiffs deposited this $3,973,931 on January 5, 2006 with the Commissioner at 1100 Commerce Street, Dallas, Texas 75242.

28. A true and correct copy of the letter and the check sent to the Commissioner representing this deposit is attached hereto as Exhibit "B".

## V. BACKGROUND OF LEASING INVESTMENTS

29. Plains Financial is a personal property leasing and investment subsidiary of Plains Bank.

30. Plains Bank is the lead bank of Plains Capital Corporation, the latter of which is a financial holding company with subsidiaries providing commercial and retail banking services in Lubbock, Lubbock County, Texas and elsewhere.

31. Most of the lending activities of Plains Bank involve the following types of loans: commercial and industrial, one-to-four family residential, commercial real estate, and consumer.

32. Plains Bank sought to diversify its lending activities and supplement its investment activities by pursuing various lease transactions involving the acquisition of computer equipment and related leases.

33. Since that time, Plains Bank, through its subsidiary, Plains Financial, invested in leasing transactions as part of its diversified investment program.

34. In 1994, Plains Bank, through its subsidiary, Plains Financial, entered into the transactions described below that are now the subject of the FPAAs.

## VI. COMPUTER EQUIPMENT INVESTMENT

**Purposes of the Partnership's 1994 Computer Equipment Investments.**

35. The Partnership invested in computer equipment in order to make a pre-tax profit.

36. The Partnership acquired all of its interests in the computer equipment in arms-length transactions with unrelated persons.

37. The Partnership and its partners conducted due diligence concerning the computer equipment and the anticipated economic return under the leases before entering into the leasing activities that are the subject of the FPAAs.

38. The Partnership's leasing activities had economic substance, were not prearranged or predetermined, had legitimate business purposes, were not a sham, and had significant profit motive.

**Underlying Transaction: Carolina Freight.**

39. Old Colony Group, Inc., a Massachusetts corporation and an equipment leasing company ("Old Colony"), purchased from Bull HN Information Systems, Inc. ("Bull") certain computer equipment Bull manufactured (the "Bull Equipment").

40. Old Colony leased the Bull Equipment to Carolina Freight Carriers Corporation ("Carolina Freight") for a term of 84 months, commencing on January 1, 1991 and terminating on December 1, 1997 (the "Carolina User Lease").

41. Old Colony financed a portion of the Bull Equipment with (i) a Promissory Note in the principal amount of Four Million Dollars ($4,0000,000) and (ii) a Promissory

Note in the principal amount of Six Million Two Hundred Ninety-Seven Thousand Seven Hundred Sixty Dollars and Eighty-One Cents ($6,297,760.81).

42. Both Promissory Notes were payable to Marine Bank of Springfield as Trustee for the original lenders, INCE & Co. (as nominee for the Canada Life Assurance Company) and Modern Woodmen of America, respectively (collectively, the "Bull Senior Debts").

43. The Bull Senior Debts were nonrecourse obligations of Old Colony, fully payable out of and from the net rentals due from Carolina Freight under the Carolina User Lease and secured by the Bull Equipment and the rents from the Carolina User Lease (the "Bull Senior Liens").

44. On September 15, 1994, Old Colony sold the Bull Equipment and assigned its rights as lessor under the Carolina User Lease subject to the Bull Senior Debts and Bull Senior Liens to TransCapital Computer Corporation ("TCC"), a subsidiary of TransCapital Corporation ("TC"), for a purchase price of Five Million Six Hundred Sixty-Seven Thousand Eight Hundred Two Dollars ($5,667,802.00). This purchase price comprised of (i) cash in the amount of $325,000 and (ii) the acquisition and assumption of the Bull Senior Debts in the outstanding amount of Five Million Three Hundred Forty-Two Thousand Eight Hundred and Two Dollars ($5,342,802).

45. On the same date, Old Colony and TCC entered into a Remarketing Agreement (the "Bull Remarketing Agreement"), under which TCC appointed Old Colony its agent to sell and/or lease the Bull Equipment following the termination of the Carolina User Lease in consideration of a remarketing fee equal to 25% (twenty-

five percent) of the net proceeds derived from the sale and/or lease of the Bull Equipment.

**Underlying Transaction: Blue Cross/Blue Shield of North Dakota .**

46. On December 30, 1992, Partners Capital Group, a California corporation ("PCG"), purchased certain computer equipment (the "Unisys Equipment") which was manufactured by the Unisys Corporation ("Unisys").

47. PCG leased the Unisys Equipment to Blue Cross Blue Shield of North Dakota ("BCND") under a triple net "hell or highwater" lease for a term of forty-eight (48) months commencing February 1, 1993 (the "BCND User Lease").

48. On February 28, 1993, IFC, Inc., an Arizona corporation ("IFC"), purchased from PCG the Unisys Equipment and assumed the rights under and the interest in the BCND User Lease.

49. IFC financed its purchase of the Unisys Equipment with a non-recourse fixed rate installment note in the principal amount of Four Million Eighty-Nine Thousand Three Hundred Ninety-One Dollars and Thirty-Four Cents ($4,089,391.34) made payable to the Sun Life Insurance Company of America, a Maryland stock life insurance corporation (the "Unisys Senior Debt").

50. The Unisys Senior Debt was secured by the Unisys Equipment and IFC's interest as lessor under the BCND User Lease.

51. The Unisys Senior Debt was fully payable out of and from the net rentals due from BCND under the BCND User Lease.

52. On April 15, 1993, Equitable Leasing Company, Inc. ("Equitable") purchased from IFC the Unisys Equipment subject to the Unisys Senior Debt and assumed the rights under and the interest in the BCND User Lease.

53. Previously, on February 28, 1993, IFC and Equitable entered into a Remarketing Agreement (the "Unisys Remarketing Agreement"), under which Equitable appointed IFC its agent to sell and/or lease the Unisys Equipment following the termination of the BCND User Lease in consideration of a remarketing fee equal to 10% (ten percent) of the net proceeds derived from the sale and/or lease of the Unisys Equipment.

54. Subsequently, Capital Asset Partners, a Connecticut general partnership ("CAP"), purchased from Equitable the Unisys Equipment, subject to the Unisys Senior Debt and assumed the rights under and the interest in the BCND User Lease, and the Unisys Remarketing Agreement (together with the Unisys Senior Debt, the "Unisys Underlying Liens").

55. On October 18, 1993, TAC I, Inc., a Delaware corporation and a subsidiary of TC ("TAC"), purchased from CAP the Unisys Equipment, subject to the Unisys Senior Debt, and assumed the rights under and the interest in the BCND User Lease and the Unisys Remarketing Agreement.

56. TAC paid CAP a purchase price of Four Million Eight Hundred Twenty-two Thousand Dollars ($4,822,000.00) which comprised of (i) cash in the amount of Ninety Six Thousand Four Hundred Forty Dollars ($96,440.00) and (ii) delivery of an installment promissory note in the principal amount of Four Million Seven

Hundred Twenty-five Thousand Five Hundred-Sixty Dollars ($4,725,560.00) (the "TAC Debt").

57. The TAC Debt was secured by the Unisys Equipment and fully payable out of and from the net rentals due under the TAC Lease, as defined below.

58. On or about the same date, TAC leased back to CAP the Unisys Equipment pursuant to a certain triple net "hell or highwater" lease commencing November 1, 1993 and terminating on January 31, 1999 (the "TAC lease").

59. On or about the same date, EIS Leasing of Delaware, Inc., a Delaware corporation, assumed and was assigned all the obligations of CAP under the TAC lease.

**The Partnership's Acquisition of the Equipment, as defined below.**

60. The Certificate of Limited Partnership for the Partnership was filed with the Secretary of State of the State of Delaware on March 10, 1994.

61. The Agreement of Limited Partnership of the Partnership was dated as of September 15, 1994, between TransCapital Leasing Associates 1992-IX Limited Partnership, a Delaware limited partnership ("TCLA 92-IX"), and TransCapital Management Associates Limited Partnership XII, a Delaware limited partnership ("TMALP XII").

62. On or about September 15, 1994, the Partnership purchased from TCC the Bull Equipment and the rights under the Carolina User Lease, encumbered by the lessee's rights thereunder, the Bull Senior Debts, and the Bull Remarketing Agreement (collectively, the "Bull Underlying Liens") for a purchase price of Five Million Six Hundred Sixty-Seven Thousand Eight Hundred Two Dollars ($5,667,802.00).

63. This purchase price comprised of (i) cash in the amount of Three Hundred Twenty-Five Thousand dollars ($325,000.00) and (ii) the acquisition and assumption of the Bull Senior Debts.

64. On or about September 15, 1994, the Partnership purchased from TAC the Unisys Equipment and assumed the rights under and interest in the BCND User Lease and the TAC Lease (collectively, the "Unisys Underlying Leases"), encumbered by the lessees' rights thereunder, the Unisys Senior Debt, and the TAC Debt (the "Unisys Underlying Debt", together with the Unisys Remarketing Agreement, the "Unisys Underlying Liens") for a purchase price of Four Million One Hundred Fifty-One Thousand Seventy Dollars ($4,151,070.00).

65. This purchase price comprised of (i) cash in the amount of One Hundred Five Thousand Seven Hundred Thirty-Six Dollars ($105,736.00) and (ii) assuming the balance of the TAC Debt.

66. At the time the Partnership acquired its interests in the Bull Equipment and the Unisys Equipment (the "Equipment"), TCLA 92-IX was the Partnership's 99% limited partner.

67. At the time the Partnership acquired its interests in the Equipment, TMALP XII was the Partnership's 1% sole general partner.

**<u>The Partnership's Sale to Mithril Corporation.</u>**

68. On September 15, 1994, the Partnership entered into a Purchase and Sale Agreement with Mithril Corporation ("Mithril").

69. Mithril is an independent leasing company, unrelated to and unaffiliated with either TCC, TAC, Old Colony or EIS.

70. Under the Purchase and Sale Agreement, the Partnership sold to Mithril the Bull Equipment and assigned to Mithril all of its rights under and interests in the Bull Remarketing Agreement, and the Bull Underlying Leases, all encumbered by the rights of the lessees thereunder, the Bull Underlying Debt and the Bull Underlying Liens.

71. The purchase price for the Bull Equipment and rights under and interests in the Bull Remarketing Agreement and the Bull Underlying Leases was Six Million Two Hundred-Fifty Thousand Dollars ($6,250,000.00).

72. This purchase price comprised of (i) cash in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00) and (ii) delivery of a non-recourse "wrap-around" promissory note (the "MC-II Transferee Note") in the principal amount of Six Million Dollars ($6,000,000.00).

73. The MC-II Transferee Note was payable out of the net rentals due from the Partnership under the MC Master Lease (the "MC Overlease"), as described below, and was secured by the MC Overlease and a subordinate interest in the Bull Equipment.

74. Under the Purchase and Sale Agreement, the Partnership sold to Mithril the Unisys Equipment and assigned to Mithril all of its rights under and interests in the Unisys Remarketing Agreement and the Unisys Underlying Leases, all encumbered by the rights of the lessees, the Unisys Underlying Debt and the Unisys Underlying Liens.

75. The purchase price for the Unisys Equipment and rights under and interests in the Unisys Remarketing Agreement and the Unisys Underlying Leases was Four Million Two Hundred Thousand Dollars ($4,200,000.00).

76. This purchase price comprised of (i) cash in the amount of One Hundred Fifty-Four Thousand Six Hundred and Sixty-Six Dollars ($154,666.00) and (ii) delivery of a second non-recourse "wrap-around" promissory note (the "MC-I Transferee Note", collectively with the MC-II Transferee Note, the "MC Transferee Notes") in the principal amount of Four Million Forty-Five Thousand Three Hundred Thirty-Four Dollars ($4,045,334.00).

77. The MC-I Transferee Note was payable out of the net rentals due from the Partnership under the MC Overlease and was secured by the MC Overlease and a subordinate interest in the Unisys Equipment.

78. Immediately upon these acquisitions, Mithril leased the Equipment back to the Partnership pursuant to a triple-net "hell or highwater" lease (the "MC Overlease").

79. The fixed rental installments due under the MC Overlease are equal, in timing and amount, to the installments due under the MC Transferee Notes.

80. The MC Overlease commenced September 15, 1994.

81. The MC Overlease with respect to the Bull Equipment continued through September 30, 2000.

82. The MC Overlease with respect to the Unisys Equipment continued through December 31, 2000.

83. The terms contained in the MC Overlease exceed the initial scheduled terms of the Bull Underlying Leases and the Unisys Underlying Leases (the "Underlying Leases") and converts the Underlying Leases into subleases.

84. During the period in which the MC Overlease exceeds the Underlying Leases, the Partnership is entitled to commercially exploit the Equipment, including retaining any sublease proceeds.

85. As a result of these transactions, the Partnership was entitled to receive the rental payments due under the Underlying Leases (the "Underlying Lease Rents"), encumbered by the Bull Underlying Debt and the Unisys Underlying Debt.

86. In addition, the Partnership was obligated to apply the Underlying Lease Rents respectively to the Bull Underlying Debt and the Unisys Underlying Debt.

87. The Partnership also became entitled to receive the installment payments due under the MC Transferee Notes and was required to pay the rent due under the MC Overlease.

**The Appraisal of the Equipment**

88. In connection with the Partnership's acquisition of the Equipment, the Partnership obtained an appraisal (the "Appraisal") of the Equipment from a nationally recognized, qualified, independent appraisal firm (the "Appraiser").

89. The Appraiser made the following conclusions regarding the Bull Equipment: (a) its economic useful life would continue for seven and one-half (7½) years from September 30, 1994; (b) it had a fair market value of $6,250,000.00 as of September 30, 1994 and, therefore, the fair market value exceeded the purchase price paid for it by the Partnership; (c) it was estimated to have a fair market value of $1,062,500.00 as of September 30, 2000, and (4) the then-current rent being charged under the Bull Underlying Leases represented fair rental value.

90. The Appraiser made the following conclusions regarding the Unisys Equipment: (a) its economic useful life would continue for eight (8) years from September 30, 1994; (b) it had a fair market value of $4,200,000.00 as of September 30, 1994 and, therefore, the fair market value exceeded the purchase price paid for it by the Partnership; (c) it was estimated to have a fair market value of $462,000.00 as of September 30, 2000, and (4) the then-current rent being charged under the Unisys Underlying Leases represented fair rental value.

91. The Appraisal set forth the methodology for calculating projected re-lease rents.

92. Based upon the Appraisal, the Partnership expected to realize sufficient revenues from re-lease rentals (after payment of any remarketing fees and consulting fees) to return to the Partnership the full amount of its equity investment, plus a substantial return thereon.

**Consulting Agreement**

93. The Partnership entered into a Consulting Agreement with TC on September 15, 1994 (the "Consulting Agreement").

94. The Partnership entered into the Consulting Agreement to compensate TC for its services in assisting the Partnership to acquire the Equipment and to enter into the sale/leaseback transaction with Mithril.

95. Pursuant to the Consulting Agreement, the Partnership agreed to pay TC (i) a consulting fee in the amount of One Million One Hundred Ninety Eight Thousand One Hundred Forty-Two Dollars ($1,198,142.00) (the "Consulting Fee") and (ii) twenty-five percent (25%) of all net remarketing proceeds generated from the Bull

Equipment during the period from January 1, 1998 through September 30, 2000 (the "Additional Consulting Fee").

96. The Partnership remitted to TC payment of the Consulting Fee on or about October 10, 1994.

**Partnership's Rental Sale**

97. On or about September 20, 1994, and before Plains Financial acquired an interest in the Partnership, the Partnership sold to Aardan Leasing Corp, a lease factoring company ("Aardan"), its rights to the Underlying Lease Rents, encumbered by and subordinate to the rights of the lessees under the Underlying Leases.

98. Aardan assumed the obligation to pay the Underlying Debts relating to the sold Underlying Lease Rents and also paid the Partnership cash in the amount of $25,000.

99. At the time of the sale by the Partnership of the Underlying Lease Rents, TCLA 92-IX was the 99% limited partner in the Partnership. Plaintiffs allege that TCLA 92-IX's allocation of 99% of the gain resulting from the sale of the Underlying Lease Rents were allocated to its limited partner and its general partner in accordance with the Agreement of Limited Partnership of TCLA 92-IX.

**Plains Financial's Acquisition of its Interest in the Partnership from TCLA 92-IX.**

100. Following the sale of the Underlying Lease Rents to Aardan, Plains Financial acquired an interest in the Partnership for a cash investment.

101. Prior to Plains Financial's acquisition of interest in the Partnership and based on (i) Plains Financial's due diligence and (iii) the Appraisal, Plaintiffs projected that

they would receive a full return of their equity investments in the Equipment, plus a substantial return thereon.

102. Prior to Plains Financial's acquisition of the 99% limited partner interest in the Partnership from TCLA 92-IX, Plains Bank requested and received a tax opinion from the law firm Haight, Tramonte, Siciliano & Flask, P.C., located in Vienna, Virginia, regarding the federal income tax consequences to the Plaintiffs resulting from the leasing transactions of the Partnership. Plains Bank and Plains Financial, in reliance on the tax opinion, decided to acquire the limited partner interest in the Partnership from TCLA 92-IX.

103. On September 30, 1994, TCLA 92-IX assigned and transferred a 99% limited partner interest in Partnership to Plains Financial in exchange for shares of voting common stock of Plains Financial.

104. As part of the transfer, Plains Financial agreed to assume all of the obligations of TCLA 92-IX with respect to the limited partner interest, including the funding of the capital contribution.

105. Concurrently with TCLA 92-IX's assignment of the limited partnership interest to Plains Financial, and as part of the same transaction, Plains Bank contributed cash to Plains Financial in exchange for additional shares of Plains Financial voting common stock.

106. After such contributions and voting common stock issuance, TCLA 92-IX and Plains Bank owned, respectively, 10% and 90% of the total issued and outstanding stock of Plains Financial.

## VII. 1994 TAX RETURNS

107. The Partnership timely filed a United States Partnership Tax Return, Form 1065, for the short taxable year ended December 31, 1994. The Partnership filed its Form 1065 for the 1994 tax year with the Internal Revenue Service, Philadelphia, PA 19255-0048. The Partnership reported interest income of $254,287 and a loss from rental activities of $625,291. The income and loss flowed through to the respective partners, who at the time were TMALP XII and Plains Financial.

108. The Plaintiffs timely filed a consolidated United States Corporate Income Tax Return, Form 1120 for its 1994 tax year. For the 1994 tax year, Plaintiffs reported consolidated taxable income of $10,143,601 and paid total tax assessed of $3,460,275. Plaintiffs reported interest income of $251,744 and a loss from rental activities of $619,038, which represented Plains Financial's 99% distributive share of income and loss from the Partnership.

109. The deductions claimed by the Plaintiffs for the 1994 tax year in connection with the Partnership's leasing activities did otherwise meet the requirements for deductibility under the Code.

## VIII. 1995 TAX RETURNS

110. The Partnership timely filed a United States Partnership Tax Return, Form 1065, for the taxable year ended December 31, 1995. The Partnership filed its Form 1065 for the 1995 tax year with the Internal Revenue Service, Philadelphia, PA 19255-0048. For the 1995 tax year, the Partnership reported interest income of $1,012,866 and a loss from rental activities of $2,492,381. The income and loss

flowed through to the respective partners, who at the time were TMALP XII and Plains Financial.

111. The Plaintiffs timely filed a consolidated United States Corporate Income tax return, Form 1120 for its 1995 tax year. Plaintiffs reported consolidated taxable income of $9,170,368 and paid total tax assessed of $3,126,979. Plaintiffs reported interest income of $1,002,737 and a loss from rental activities of $2,467,457, which represented Plains Financial's 99% distributive share of income and loss from the Partnership..

112. The deductions claimed by the Plaintiffs for the 1995 tax year in connection with the Partnership's leasing activities did otherwise meet the requirements for deductibility under the Internal Revenue Code.

## IX. 1996 TAX RETURNS

113. The Partnership timely filed a United States Partnership Tax Return, Form 1065, for the taxable year ended December 31, 1996. The Partnership filed its Form 1065 for the 1996 tax year with the Internal Revenue Service, Philadelphia, PA 19255-0048. The Partnership reported interest income of $878,852 and a loss from rental activities of $2,492,381. The income and loss flowed through to the respective partners, who at the time were TMALP XII and Plains Financial.

114. The Plaintiffs timely filed a consolidated United States Corporate Income tax return, Form 1120 for its 1996 tax year. Plaintiffs reported consolidated taxable income of $12,474,886 and paid total tax assessed of $4,266,210. Plaintiffs reported interest income of $870,063 and a loss from rental activities of

$2,467,457, which represented Plains Financial's 99% distributive share of income and loss from the Partnership.

115. The deductions claimed by the Plaintiffs for the 1996 tax year in connection with the Partnership's leasing activities did otherwise meet the requirements for deductibility under the Internal Revenue Code.

## X. 1997 TAX RETURNS

116. The Partnership timely filed a United States Partnership Tax Return, Form 1065, for the taxable year ended December 31, 1997. The Partnership filed its Form 1065 for the 1997 tax year with the Internal Revenue Service, Philadelphia, PA 19255-0048. The Partnership reported interest income of $730,804 and a loss from rental activities of $2,492,381. The income and loss flowed through to the respective partners, who at the time were TMALP XII and Plains Financial.

117. The Plaintiffs timely filed a consolidated United States Corporate Income tax return, Form 1120 for its 1997 tax year. Plaintiffs reported consolidated taxable income of $13,628,153 and paid total tax assessed of $4,669,854. Plaintiffs reported interest income of $723,496 and a loss from rental activities of $2,467,457, which represented Plains Financial's 99% distributive share of income and loss from the Partnership.

118. The deductions claimed by the Plaintiffs for the 1997 tax year in connection with the Partnership's leasing activities did otherwise meet the requirements for deductibility under the Internal Revenue Code.

## XI. 1998 TAX RETURNS

119. The Partnership timely filed a United States Partnership Tax Return, Form 1065, for the taxable year ended December 31, 1998. The Partnership filed its Form 1065 for the 1998 tax year with the Internal Revenue Service, Philadelphia, PA 19255-0048. The Partnership reported interest income of $567,254 and a loss from rental activities of $2,492,381. The income and loss flowed through to the respective partners, who at the time were TMALP XII and Plains Financial.

120. The Plaintiffs timely filed a consolidated United States Corporate Income tax return, Form 1120 for its 1998 tax year. Plaintiffs reported consolidated taxable income of $15,627,246 and paid total tax assessed of $5,388,353. Plaintiffs reported interest income of $561,581 and a loss from rental activities of $2,467,457, which represented Plains Financial's 99% distributive share of income and loss from the Partnership.

121. The deductions claimed by the Plaintiffs for the 1998 tax year in connection with the Partnership's leasing activities did otherwise meet the requirements for deductibility under the Internal Revenue Code.

## XII. 1999 TAX RETURNS

122. The Partnership timely filed a United States Partnership Tax Return, Form 1065, for the taxable year ended December 31, 1999. The Partnership filed its Form 1065 for the 1999 tax year with the Internal Revenue Service, Philadelphia, PA 19255-0048. The Partnership reported interest income of $386,578 and a loss from rental activities of $2,492,381. The income and loss flowed through to the respective partners, who at the time were TMALP XII and Plains Financial.

123. The Plaintiffs timely filed a consolidated United States Corporate Income tax return, Form 1120 for the 1999 tax year. Plaintiffs reported consolidated taxable income of $17,023,522 and paid total tax assessed of $5,918,939. Plaintiffs reported interest income of $382,712 and a loss from rental activities of $2,467,457, which represented Plains Financial's 99% distributive share of income and loss from the Partnership.

124. The deductions claimed by the Plaintiffs for the 1999 tax year in connection with the Partnership's leasing activities did otherwise meet the requirements for deductibility under the Internal Revenue Code.

## XIII. 2000 TAX RETURNS

125. The Partnership timely filed a United States Partnership Tax Return, Form 1065, for the taxable year ended December 31, 2000. The Partnership filed its Form 1065 for the 2000 tax year with the Internal Revenue Service, Philadelphia, PA 19255-0048. The Partnership reported interest income of $160,799 and a loss from rental activities of $2,087,627. The income and loss flowed through to the respective partners, who at the time were TMALP XII and Plains Financial.

126. The Plaintiffs timely filed a consolidated United States Corporate Income tax return, Form 1120 for its 2000 tax year. Plaintiffs reported consolidated taxable income of $20,096,899 and paid total tax assessed of $7,033,915. Plaintiffs reported interest income of $159,191 and a loss from rental activities of $2,066,751, which represented Plains Financial's 99% distributive share of income and loss from the Partnership.

127. The deductions claimed by the Plaintiffs for the 2000 tax year in connection with the Partnership's leasing activities did otherwise meet the requirements for deductibility under the Internal Revenue Code.

## XIV. RELATION OF PARTIES IN THE LEASEHOLD TRANSACTIONS

128. Plains Capital Corporation, Plains Bank, and Plains Financial, are not considered related parties of Carolina Freight, TC, Bull, TCC, Old Colony, BCND, Unisys, TAC, Equitable, IFC, PCG, TCC, Mithril, or Aardan under the Code.

129. The Partnership and TCLA 92-IX are not considered related parties of Carolina Freight, Bull, Old Colony, BCND, Unisys, IFC, PCG, Mithril, or Aardan under the Code.

## XV. COMMISSIONER'S ERRORS IN THE FPAAS

130. Plaintiffs incorporate paragraphs 1 through 129 as though fully set forth herein.

131. For each tax year at issue, the Commissioner erred in adjusting Partnership items in the FPAAs and in determining that the Partnership's losses from leasing activities are not allowable to the Partnership because they allegedly emanate from transactions that lack economic substance, were prearranged and predetermined, and were without a legitimate business purpose.

132. The Commissioner erred in determining that the Partnership's ordinary losses in the amount of $371,004 for the short taxable year ended December 31, 1994 are not allowable because they allegedly emanate from transactions that lack economic substance, were prearranged and predetermined, and were without legitimate business purpose.

133. The Commissioner erred in determining that the Partnership's ordinary losses in the amount of $1,479,515 for the taxable year ended December 31, 1995 are not allowable because they allegedly emanate from transactions that lack economic substance, were prearranged and predetermined, and were without legitimate business purpose.

134. The Commissioner erred in determining that the Partnership's ordinary losses in the amount of $1,613,529 for the taxable year ended December 31, 1996 are not allowable because they allegedly emanate from transactions that lack economic substance, were prearranged and predetermined, and were without legitimate business purpose.

135. The Commissioner erred in determining that the Partnership's ordinary losses in the amount of $1,761,577 for the taxable year ended December 31, 1997 are not allowable because they allegedly emanate from transactions that lack economic substance, were prearranged and predetermined, and were without legitimate business purpose.

136. The Commissioner erred in determining that the Partnership's ordinary losses in the amount of $1,925,127 for the taxable year ended December 31, 1998 are not allowable because they allegedly emanate from transactions that lack economic substance, were prearranged and predetermined, and were without legitimate business purpose.

137. The Commissioner erred in determining that the Partnership's ordinary losses in the amount of $2,105,803 for the taxable year ended December 31, 1999 are not allowable because they allegedly emanate from transactions that lack economic

substance, were prearranged and predetermined, and were without legitimate business purpose.

138. The Commissioner erred in determining that the Partnership's ordinary losses in the amount of $1,926,828 for the taxable year ended December 31, 2000 are not allowable because they allegedly emanate from transactions that lack economic substance, were prearranged and predetermined, and were without legitimate business purpose.

139. The Commissioner erred in making each and every adjustment in the FPAAs.

## XVI. PARTNERSHIP'S CORRECT TREATMENT OF TAX ITEMS

140. Plaintiffs incorporate paragraphs 1 through 139 as though fully set forth herein.

141. The Partnership's transaction on September 20, 1994 in which the Partnership sold to Aardan its right to receive the Underlying Lease Rents was in substance a sale. The Partnership properly reported the income from this transaction on its income tax return on Form 1065 for the Partnership's short taxable year ended December 31, 1994.

142. The Partnership correctly computed and reported its total income for the short taxable year ended December 31, 1994, and the leasing activities for such year did not lack economic substance, were not prearranged or predetermined, and had a legitimate business purpose.

143. The Partnership correctly computed and reported its total income for the taxable year ended December 31, 1995, and the leasing activities for such year did not lack economic substance, were not prearranged or predetermined, and had a legitimate business purpose.

144. The Partnership correctly computed and reported its total income for the taxable year ended December 31, 1996, and the leasing activities for such year did not lack economic substance, were not prearranged or predetermined, and had a legitimate business purpose.

145. The Partnership correctly computed and reported its total income for the taxable year ended December 31, 1997, and the leasing activities for such year did not lack economic substance, were not prearranged or predetermined, and had a legitimate business purpose.

146. The Partnership correctly computed and reported its total income for the taxable year ended December 31, 1998, and the leasing activities for such year did not lack economic substance, were not prearranged or predetermined, and had a legitimate business purpose.

147. The Partnership correctly computed and reported its total income for the taxable year ended December 31, 1999, and the leasing activities for such year did not lack economic substance, were not prearranged or predetermined, and had a legitimate business purpose.

148. The Partnership correctly computed and reported its total income for the taxable year ended December 31, 2000, and the leasing activities for such year did not lack economic substance, were not prearranged or predetermined, and had a legitimate business purpose.

## XVII. PRAYER

Plaintiffs respectfully pray for judgment against Defendant and respectfully ask the Court to order the Defendant to reverse the adjustments in the FPAAs in the following amounts:

a. $371,004 to the Partnership's net ordinary income for the taxable year ended December 31, 1994;

b. $1,479,515 to the Partnership's net ordinary income from leasing activities for the taxable year ended December 31, 1995;

c. $1,613,529 to the Partnership's net ordinary income from leasing activities for the taxable year ended December 31, 1996;

d. $1,761,577 to the Partnership's net ordinary income from leasing activities for the taxable year ended December 31, 1997.

e. $1,925,127 to the Partnership's net ordinary income from leasing activities for the taxable year ended December 31, 1998.

f. $2,105,803 to the Partnership's net ordinary income from leasing activities for the taxable year ended December 31, 1999.

g. $1,926,828 to the Partnership's net ordinary income from leasing activities for the taxable year ended December 31, 2000.

Plaintiffs further pray that the Court order Defendant to return their deposit in the amount of $3,973,931, plus interest, to the Plaintiffs. Plaintiffs also request that the Court grant them such further relief, legal or equitable, to which they may be entitled.

Respectfully submitted,

By: ______________________
M. Todd Welty

Date: January 5, 2006

MEADOWS, OWENS, COLLIER, REED
COUSINS & BLAU, L.L.P.
901 Main Street
Suite 3700
Dallas, TX 75202
(214) 744-3700 Telephone
(214) 747-3732 Facsimile
twelty@meadowsowens.com

ATTORNEY-IN-CHARGE
FOR PLAINTIFFS

**EXHIBIT A**

**Internal Revenue Service**
Appeals Office
4050 Alpha Road
Suite 517, MC:8000NWSAT
Dallas, TX 75244

Date: AUG 15 2005

TAX MATTERS PARTNER
TRANSCAPITAL LEASING ASSOCIATES 1994-I LP
11490 COMMERCE PARK DRIVE, SUITE 500
RESTON, VA 20191

**Department of the Treasury**

**Person to Contact:**
Tony Seidel
Employee ID Number: 5-25013
Tel: (972) 308-7317
Fax: (972) 308-7284
**Refer Reply to:**
AP:FW:DAL:
**Name of Partnership:**
TransCapital Leasing Associates 1994-I LP
**Partnership Identifying Number:**
541740547
**Date FPAA Mailed to Tax Matters Partner:**

**Taxpayer Identification Number:**

**Tax Year Ended:**
December 31, 1994

**Certified Mail**

Dear Partner:

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You may compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

EXHIBIT A

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

You have three options available to you.

1. **If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

2. **If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date of this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more that one petition is filed in Tax Court, the first petition filed will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, N.W.**
**Washington, D.C. 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition, or each must file a separate signed petition.

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court or the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

3. **If you do nothing:**

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you after 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,
Mark W. Everson
Commissioner
By

Leonard Horton
Appeals Team Manager

Enclosures:
Explanation of Adjustments
Form 870-P

## FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

| Form 870-P (Rev. 8/2004) | Department of the Treasury - Internal Revenue Service<br>**AGREEMENT TO ASSESSMENT AND COLLECTION OF DEFICIENCY IN TAX FOR PARTNERSHIP ADJUSTMENTS** | IN REPLY REFER TO:<br>AP:FW:DAL: |
|---|---|---|
| **Taxpayer(s) name(s), address, and ZIP code:**<br>ax Matters Partner<br>TransCapital Leasing<br>Associates 1994-I LP<br>11490 Commerce Park Drive, Suite 500<br>Reston, VA 20191 | **Name of Partnership:**<br>TRANSCAPITAL LEASING<br>ASSOCIATES 1994-I LP<br>**Taxpayer Identifying Number:**<br>54-1740547 | **Tax Year(s) Ended:**<br>December 31, 1994 |
| **Taxpayer Identifying Number:**<br>54-1740547 | **Name of Tax Matters Partner:** | |

## OFFER OF AGREEMENT FOR PARTNERSHIP ITEMS

Under the provisions of section 6224(c) and 7121 of the Internal Revenue Code (IRC), the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items of the partnership for the years shown on the attached schedule of adjustments. The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive(s) the restrictions provided in IRC sections 6225(a) and 6213(a) and consent(s) to the assessment and collection of any deficiency attributable to partnership items as determined in this agreement (with interest as required by law).

This agreement is conditional, and will not become effective or final until this agreement form is returned to Internal Revenue and is signed for the Commissioner. The one year extension of the period of limitations on assessment under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form for the Commissioner. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into

If this agreement form is signed for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for an adjustment of partnership items, or for a refund or credit based on any change in the treatment of partnership items may be filed or prosecuted.

| | |
|---|---|
| Signature of Taxpayer | Date Signed |
| Signature of Taxpayer | Date Signed |
| By (Signature and Title) | Date Signed |

| | | |
|---|---|---|
| **For Internal Revenue Use Only** | Date accepted for Commissioner: | Signature |
| | Office<br>Dallas | Title<br>Appeals Team Manager |

Catalog Number 61175O (See instructions for Signing Agreement) Form 870-P-c (Rev 8/2004)

# INSTRUCTIONS FOR SIGNING FORM 870-P

1. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-P. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.

2. If the taxpayer is a corporation, the waiver must be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-P.

3. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.

4. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust.

5. If this offer is with respect to the tax liability for the consolidated return year, the agreement should be signed in the name of the common parent of the consolidated group for the consolidated return year. The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the corporation, should be displayed in the signature block.

6. If the Tax Matters Partner signs this offer, please include the title with the signature.

7. If this offer is signed by a Tax Matters Partner that is a subsidiary corporation, then an officer authorized to sign this agreement for the year(s) indicated on the form must sign for the parent corporation. An authorized officer for the subsidiary corporation should also sign if the Tax Matters Partner is binding non-notice partners under the agreement. See Treas. Reg. 1.1502-77(a)(3)(v).

Department of the Treasury - Internal Revenue Service

# Agreement to Assessment and Collection of Deficiency in Tax For Partnership Adjustments

SCHEDULE OF ADJUSTMENTS

| NAME OF PARTNERSHIP<br>**TRANSCAPITAL LEASING ASSOCIATES 1994-I LP** | Tax Year(s) Ended | | |
|---|---|---|---|
| TAXPAYER IDENTIFYING NUMBER **54-1740547** | 12/31/1994 | | |
| DETAIL OF ADJUSTMENTS TO ORDINARY INCOME | | | |
| TOTAL ADJUSTMENTS TO ORDINARY INCOME | NONE | | |
| OTHER ADJUSTMENTS | | | |
| **A. NET RENTAL INCOME** | | | |
| (1) ADJUSTMENT | $625,291.00 | | |
| (2) AS REPORTED | ($625,291.00) | | |
| (3) CORRECTED | $0.00 | | |
| **B. INTEREST INCOME** | | | |
| (1) ADJUSTMENT | ($254,287.00) | | |
| (2) AS REPORTED | $254,287.00 | | |
| (3) CORRECTED | $0.00 | | |

REMARKS

| Form 886-A (Rev. May 1980) | Department of the Treasury - Internal Revenue Service **EXPLANATION OF ADJUSTMENTS** | Schedule No. |
|---|---|---|
| Name of Taxpayer(s) | | Year/Period |
| TransCapital Leasing Associates 1994-I LP | | December 31, 1994 |

**Net Rental Income**
**Interest Income**

It has been determined that the items reported on your returns are not allowable because they relate to transactions that lack economic substance, were prearranged and predetermined and were without a legitimate business purpose. In addition, you have not shown that the amounts you deducted were ordinary and necessary business expenses were expended or incurred for the purpose designated or otherwise meet the requirements for deduction under the Internal Revenue Code.

| | Department of the Treasury - Internal Revenue Service<br>**FOR INFORMATION ONLY** | Schedule No. |
|---|---|---|
| Name of Taxpayer(s)<br>TransCapital Leasing Associates 1994-I LP | | Year/Period<br>December 31, 1994 |

**IRC Section 6662(b)(1) - Negligence**

It is determined that the partnership improperly took deductions and/or credits due to negligence or intentional disregard of rules and regulations. IRC Section 6662(b)(1) is applicable at the individual partner level and may be raised in separate proceedings at the partner level following the partnership proceeding.

**Internal Revenue Service**
Appeals Office
4050 Alpha Road
Suite 517, MC:8000NWSAT
Dallas, TX 75244

**Department of the Treasury**

**Person to Contact:**
Tony Seidel
Employee ID Number: 5-25013
Tel: (972) 308-7317
Fax: (972) 308-7284

Date: AUG 15 2005

**Refer Reply to:**
AP:FW:DAL:

**Name of Partnership:**
TransCapital Leasing Associates 1994-I LP

**Partnership Identifying Number**
54-1740547

**Date FPAA Mailed to Tax Matters Partner:**

**Taxpayer Identification Number:**
54-1740553

**Tax Year Ended:**
December 31, 1994

TRANSCAPITAL MANAGEMENT ASSOCIATES LP XII
TAX MATTERS PARTNER
TRANSCAPITAL LEASING ASSOCIATES 1994-I LP
11490 COMMERCE PARK DRIVE, SUITE 500
RESTON, VA 20191

**Certified Mail**

Dear Partner:

**NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT**

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments,* is a summary of the proposed adjustments to the partnership return. You may compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

You have three options available to you.

1. **If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

2. **If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date of this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more that one petition is filed in Tax Court, the first petition filed will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, N.W.**
**Washington, D.C. 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition, or each must file a separate signed petition.

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court or the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

3. **If you do nothing:**

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you after 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,
Mark W. Everson
Commissioner
By

Leonard Horton
Appeals Team Manager

Enclosures:
Explanation of Adjustments
Form 870-P

## FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

| Form 870-P (Rev. 8/2004) | Department of the Treasury - Internal Revenue Service **AGREEMENT TO ASSESSMENT AND COLLECTION OF DEFICIENCY IN TAX FOR PARTNERSHIP ADJUSTMENTS** | IN REPLY REFER TO: AP:FW:DAL: |
|---|---|---|

| **Taxpayer(s) name(s), address, and ZIP code:** | **Name of Partnership:** | **Tax Year(s) Ended:** |
|---|---|---|
| TransCapital Management Associates LP XII<br>Tax Matters Partner<br>TransCapital Leasing Associates 1994-I LP<br>11490 Commerce Park Drive, Suite 500<br>Reston, VA 20191 | TRANSCAPITAL LEASING ASSOCIATES 1994-I LP<br><br>**Taxpayer Identifying Number:**<br>54-1740547 | December 31, 1994 |
| **Taxpayer Identifying Number:**<br>54-1740553 | **Name of Tax Matters Partner:**<br>TransCapital Management Associates LP XII | |

**OFFER OF AGREEMENT FOR PARTNERSHIP ITEMS**

Under the provisions of section 6224(c) and 7121 of the Internal Revenue Code (IRC), the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items of the partnership for the years shown on the attached schedule of adjustments. The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive(s) the restrictions provided in IRC sections 6225(a) and 6213(a) and consent(s) to the assessment and collection of any deficiency attributable to partnership items as determined in this agreement (with interest as required by law).

This agreement is conditional, and will not become effective or final until this agreement form is returned to Internal Revenue and is signed for the Commissioner. The one year extension of the period of limitations on assessment under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form for the Commissioner. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into

If this agreement form is signed for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for an adjustment of partnership items, or for a refund or credit based on any change in the treatment of partnership items may be filed or prosecuted.

| Signature of Taxpayer | Date Signed |
|---|---|
| Signature of Taxpayer | Date Signed |
| By (Signature and Title) | Date Signed |

| **For Internal Revenue Use Only** | Date accepted for Commissioner: | Signature |
|---|---|---|
| | Office<br>Dallas | Title<br>Appeals Team Manager |

Catalog Number 61175O (See instructions for Signing Agreement) Form 870-P-c (Rev. 8/2004)

# INSTRUCTIONS FOR SIGNING FORM 870-P

1. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-P. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.

2. If the taxpayer is a corporation, the waiver must be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-P.

3. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.

4. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust.

5. If this offer is with respect to the tax liability for the consolidated return year, the agreement should be signed in the name of the common parent of the consolidated group for the consolidated return year. The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the corporation, should be displayed in the signature block.

6. If the Tax Matters Partner signs this offer, please include the title with the signature.

7. If this offer is signed by a Tax Matters Partner that is a subsidiary corporation, then an officer authorized to sign this agreement for the year(s) indicated on the form must sign for the parent corporation. An authorized officer for the subsidiary corporation should also sign if the Tax Matters Partner is binding non-notice partners under the agreement. See Treas. Reg. 1.1502-77(a)(3)(v).

Department of the Treasury - Internal Revenue Service

# Agreement to Assessment and Collection of Deficiency in Tax For Partnership Adjustments

## SCHEDULE OF ADJUSTMENTS

| NAME OF PARTNERSHIP<br>**TRANSCAPITAL LEASING ASSOCIATES 1994-I LP** | Tax Year(s) Ended | | |
|---|---|---|---|
| TAXPAYER IDENTIFYING NUMBER 54-1740547 | 12/31/1994 | | |
| DETAIL OF ADJUSTMENTS TO ORDINARY INCOME | | | |
| TOTAL ADJUSTMENTS TO ORDINARY INCOME | NONE | | |
| OTHER ADJUSTMENTS | | | |
| A. **NET RENTAL INCOME** | | | |
| (1) ADJUSTMENT | $625,291.00 | | |
| (2) AS REPORTED | ($625,291.00) | | |
| (3) CORRECTED | $0.00 | | |
| B. **INTEREST INCOME** | | | |
| (1) ADJUSTMENT | ($254,287.00) | | |
| (2) AS REPORTED | $254,287.00 | | |
| (3) CORRECTED | $0.00 | | |

REMARKS

| Form 886-A (Rev. May 1980) | Department of the Treasury - Internal Revenue Service **EXPLANATION OF ADJUSTMENTS** | Schedule No. |
|---|---|---|
| Name of Taxpayer(s) TransCapital Leasing Associates 1994-I LP | | Year/Period December 31, 1994 |

**Net Rental Income**
**Interest Income**

It has been determined that the items reported on your returns are not allowable because they relate to transactions that lack economic substance, were prearranged and predetermined and were without a legitimate business purpose. In addition, you have not shown that the amounts you deducted were ordinary and necessary business expenses were expended or incurred for the purpose designated or otherwise meet the requirements for deduction under the Internal Revenue Code.

| | Department of the Treasury - Internal Revenue Service<br>**FOR INFORMATION ONLY** | Schedule No. |
|---|---|---|
| Name of Taxpayer(s)<br>TransCapital Leasing Associates 1994-1 LP | | Year/Period<br>December 31, 1994 |

**IRC Section 6662(a) - Accuracy**

It is determined that the partnership improperly took deductions and/or credits. Therefore you are liable for the accuracy-related penalty imposed under Section 6662(a) of the Internal Revenue Code because there was (1) a substantial understatement of income tax or (2) you were negligent or disregarded rules or regulations. Section 6662(a) is applicable at the individual partner level and may be raised in separate proceedings at the partner level following the partnership proceeding.

**Internal Revenue Service**
Appeals Office
4050 Alpha Road
Suite 517, MC:8000NWSAT
Dallas, TX 75244

**Department of the Treasury**

**Person to Contact:**
Tony Seidel
Employee ID Number: 5-25013
Tel: (972) 308-7317
Fax: (972) 308-7284
**Refer Reply to:**
AP:FW:DAL:
**Name of Partnership:**
TransCapital Leasing Associates 1994-I LP
**Partnership Identifying Number:**
54-1740547
**Date FPAA Mailed to Tax Matters Partner:**

**Taxpayer Identification Number:**

**Tax Year Ended:**
December 31, 1995

Date: AUG 15 2005

TAX MATTERS PARTNER
TRANSCAPITAL LEASING ASSOCIATES 1994-I LP
11490 COMMERCE PARK DRIVE, SUITE 500
RESTON, VA 20191

**Certified Mail**

Dear Partner:

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You may compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

You have three options available to you.

1. **If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

2. **If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date of this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more that one petition is filed in Tax Court, the first petition filed will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, N.W.**
**Washington, D.C. 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition, or each must file a separate signed petition.

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court or the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

3. **If you do nothing:**

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you after 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,
Mark W. Everson
Commissioner
By

Leonard Horton
Appeals Team Manager

Enclosures:
Explanation of Adjustments
Form 870-P

## FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

| Form 870-P (Rev. 8/2004) | Department of the Treasury - Internal Revenue Service **AGREEMENT TO ASSESSMENT AND COLLECTION OF DEFICIENCY IN TAX FOR PARTNERSHIP ADJUSTMENTS** | IN REPLY REFER TO: AP:FW:DAL: |
|---|---|---|
| **Taxpayer(s) name(s), address, and ZIP code:** ‹ Matters Partner ıransCapital Leasing Associates 1994-I LP 11490 Commerce Park Drive, Suite 500 Reston, VA 20191 | **Name of Partnership:** TRANSCAPITAL LEASING ASSOCIATES 1994-I LP **Taxpayer Identifying Number:** 54-1740547 | **Tax Year(s) Ended:** December 31, 1995 |
| **Taxpayer Identifying Number:** 54-1740547 | **Name of Tax Matters Partner:** | |

## OFFER OF AGREEMENT FOR PARTNERSHIP ITEMS

Under the provisions of section 6224(c) and 7121 of the Internal Revenue Code (IRC), the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items of the partnership for the years shown on the attached schedule of adjustments. The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive(s) the restrictions provided in IRC sections 6225(a) and 6213(a) and consent(s) to the assessment and collection of any deficiency attributable to partnership items as determined in this agreement (with interest as required by law).

This agreement is conditional, and will not become effective or final until this agreement form is returned to Internal Revenue and is signed for the Commissioner. The one year extension of the period of limitations on assessment under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form for the Commissioner. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into

If this agreement form is signed for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for an adjustment of partnership items, or for a refund or credit based on any change in the treatment of partnership items may be filed or prosecuted.

| | |
|---|---|
| Signature of Taxpayer | Date Signed |
| Signature of Taxpayer | Date Signed |
| By (Signature and Title) | Date Signed |

| | | |
|---|---|---|
| **For Internal Revenue Use Only** | Date accepted for Commissioner: | Signature |
| | Office Dallas | Title Appeals Team Manager |

# INSTRUCTIONS FOR SIGNING FORM 870-P

1. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-P. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.

2. If the taxpayer is a corporation, the waiver must be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-P.

3. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.

4. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust.

5. If this offer is with respect to the tax liability for the consolidated return year, the agreement should be signed in the name of the common parent of the consolidated group for the consolidated return year. The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the corporation, should be displayed in the signature block.

6. If the Tax Matters Partner signs this offer, please include the title with the signature.

7. If this offer is signed by a Tax Matters Partner that is a subsidiary corporation, then an officer authorized to sign this agreement for the year(s) indicated on the form must sign for the parent corporation. An authorized officer for the subsidiary corporation should also sign if the Tax Matters Partner is binding non-notice partners under the agreement. See Treas. Reg. 1.1502-77(a)(3)(v).

Department of the Treasury - Internal Revenue Service

# Agreement to Assessment and Collection of Deficiency in Tax For Partnership Adjustments

SCHEDULE OF ADJUSTMENTS

| AME OF PARTNERSHIP<br>**TRANSCAPITAL LEASING ASSOCIATES 1994-I LP** | Tax Year(s) Ended | | |
|---|---|---|---|
| TAXPAYER IDENTIFYING NUMBER **54-1740547** | 12/31/1995 | | |
| DETAIL OF ADJUSTMENTS TO ORDINARY INCOME | | | |
| TOTAL ADJUSTMENTS TO ORDINARY INCOME | NONE | | |
| OTHER ADJUSTMENTS | | | |
| A. **NET RENTAL INCOME** | | | |
| (1) ADJUSTMENT | $2,492,381.00 | | |
| (2) AS REPORTED | ($2,492,381.00) | | |
| (3) CORRECTED | $0.00 | | |
| B. **INTEREST INCOME** | | | |
| (1) ADJUSTMENT | ($1,012,866.00) | | |
| (2) AS REPORTED | $1,012,866.00 | | |
| (3) CORRECTED | $0.00 | | |

REMARKS

| Form 886-A (Rev. May 1980) | Department of the Treasury - Internal Revenue Service **EXPLANATION OF ADJUSTMENTS** | Schedule No. |
| --- | --- | --- |
| Name of Taxpayer(s) TransCapital Leasing Associates 1994-I LP | | Year/Period December 31, 1995 |

**Net Rental Income**
**Interest Income**

It has been determined that the items reported on your returns are not allowable because they relate to transactions that lack economic substance, were prearranged and predetermined and were without a legitimate business purpose. In addition, you have not shown that the amounts you deducted were ordinary and necessary business expenses were expended or incurred for the purpose designated or otherwise meet the requirements for deduction under the Internal Revenue Code.

| | Department of the Treasury - Internal Revenue Service<br>**FOR INFORMATION ONLY** | Schedule No. |
|---|---|---|
| ..ame of Taxpayer(s)<br>TransCapital Leasing Associates 1994-I LP | | Year/Period<br>December 31, 1995 |

**IRC Section 6662(a) - Accuracy**

It is determined that the partnership improperly took deductions and/or credits. Therefore you are liable for the accuracy-related penalty imposed under Section 6662(a) of the Internal Revenue Code because there was (1) a substantial understatement of income tax or (2) you were negligent or disregarded rules or regulations. Section 6662(a) is applicable at the individual partner level and may be raised in separate proceedings at the partner level following the partnership proceeding.

**Internal Revenue Service**
Appeals Office
4050 Alpha Road
Suite 517, MC:8000NWSAT
Dallas, TX 75244

Date: AUG 15 2005

TRANSCAPITAL MANAGEMENT ASSOCIATES LP XII
TAX MATTERS PARTNER
TRANSCAPITAL LEASING ASSOCIATES 1994-I LP
11490 COMMERCE PARK DRIVE, SUITE 500
RESTON, VA 20191

**Department of the Treasury**

**Person to Contact:**
Tony Seidel
Employee ID Number: 5-25013
Tel: (972) 308-7317
Fax: (972) 308-7284
**Refer Reply to:**
AP:FW:DAL:
**Name of Partnership:**
TransCapital Leasing Associates 1994-I LP
**Partnership Identifying Number:**
54-1740547
**Date FPAA Mailed to Tax Matters Partner:**

**Taxpayer Identification Number:**
54-1740553
**Tax Year Ended:**
December 31, 1995

**Certified Mail**

Dear Partner:

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You may compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

You have three options available to you.

1. **If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

2. **If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date of this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more that one petition is filed in Tax Court, the first petition filed will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, N.W.**
**Washington, D.C. 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition, or each must file a separate signed petition.

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court or the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

3. **If you do nothing:**

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you after 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,
Mark W. Everson
Commissioner
By

Leonard Horton
Appeals Team Manager

Enclosures:
Explanation of Adjustments
Form 870-P

## FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

| Form 870-P (Rev. 8/2004) | Department of the Treasury - Internal Revenue Service<br>**AGREEMENT TO ASSESSMENT AND COLLECTION OF DEFICIENCY IN TAX FOR PARTNERSHIP ADJUSTMENTS** | IN REPLY REFER TO:<br>AP:FW:DAL: |
|---|---|---|

| **Taxpayer(s) name(s), address, and ZIP code:** | **Name of Partnership:** | **Tax Year(s) Ended:** |
|---|---|---|
| TransCapital Management Associates LP XII<br>Tax Matters Partner<br>TransCapital Leasing Associates 1994-I LP<br>11490 Commerce Park Drive, Suite 500<br>Reston, VA 20191 | TRANSCAPITAL LEASING ASSOCIATES 1994-I LP<br>**Taxpayer Identifying Number:**<br>54-1740547 | December 31, 1995 |
| **Taxpayer Identifying Number:**<br>54-1740553 | **Name of Tax Matters Partner:**<br>TransCapital Management Associates LP XII | |

## OFFER OF AGREEMENT FOR PARTNERSHIP ITEMS

Under the provisions of section 6224(c) and 7121 of the Internal Revenue Code (IRC), the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items of the partnership for the years shown on the attached schedule of adjustments. The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive(s) the restrictions provided in IRC sections 6225(a) and 6213(a) and consent(s) to the assessment and collection of any deficiency attributable to partnership items as determined in this agreement (with interest as required by law).

This agreement is conditional, and will not become effective or final until this agreement form is returned to Internal Revenue and is signed for the Commissioner. The one year extension of the period of limitations on assessment under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form for the Commissioner. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into

If this agreement form is signed for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for an adjustment of partnership items, or for a refund or credit based on any change in the treatment of partnership items may be filed or prosecuted.

| Signature of Taxpayer | Date Signed |
|---|---|
| Signature of Taxpayer | Date Signed |
| By (Signature and Title) | Date Signed |

| **For Internal Revenue Use Only** | Date accepted for Commissioner: | Signature |
|---|---|---|
| | Office<br>Dallas | Title<br>Appeals Team Manager |

# INSTRUCTIONS FOR SIGNING FORM 870-P

1. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-P. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.

2. If the taxpayer is a corporation, the waiver must be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-P.

3. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.

4. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust.

5. If this offer is with respect to the tax liability for the consolidated return year, the agreement should be signed in the name of the common parent of the consolidated group for the consolidated return year. The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the corporation, should be displayed in the signature block.

6. If the Tax Matters Partner signs this offer, please include the title with the signature.

7. If this offer is signed by a Tax Matters Partner that is a subsidiary corporation, then an officer authorized to sign this agreement for the year(s) indicated on the form must sign for the parent corporation. An authorized officer for the subsidiary corporation should also sign if the Tax Matters Partner is binding non-notice partners under the agreement. See Treas. Reg. 1.1502-77(a)(3)(v).

Department of the Treasury - Internal Revenue Service

# Agreement to Assessment and Collection of Deficiency in Tax For Partnership Adjustments

SCHEDULE OF ADJUSTMENTS

| NAME OF PARTNERSHIP<br>**TRANSCAPITAL LEASING ASSOCIATES 1994-I LP** | Tax Year(s) Ended | | |
|---|---|---|---|
| TAXPAYER IDENTIFYING NUMBER **54-1740547** | 12/31/1995 | | |
| DETAIL OF ADJUSTMENTS TO ORDINARY INCOME | | | |
| TOTAL ADJUSTMENTS TO ORDINARY INCOME | NONE | | |
| OTHER ADJUSTMENTS | | | |
| A. **NET RENTAL INCOME** | | | |
| (1) ADJUSTMENT | $2,492,381.00 | | |
| (2) AS REPORTED | ($2,492,381.00) | | |
| (3) CORRECTED | $0.00 | | |
| B. **INTEREST INCOME** | | | |
| (1) ADJUSTMENT | ($1,012,866.00) | | |
| (2) AS REPORTED | $1,012,866.00 | | |
| (3) CORRECTED | $0.00 | | |

REMARKS

| Form 886-A (Rev. May 1980) | Department of the Treasury - Internal Revenue Service **EXPLANATION OF ADJUSTMENTS** | Schedule No. |
|---|---|---|
| Name of Taxpayer(s) TransCapital Leasing Associates 1994-I LP | | Year/Period December 31, 1995 |

**Net Rental Income**
**Interest Income**

It has been determined that the items reported on your returns are not allowable because they relate to transactions that lack economic substance, were prearranged and predetermined and were without a legitimate business purpose. In addition, you have not shown that the amounts you deducted were ordinary and necessary business expenses were expended or incurred for the purpose designated or otherwise meet the requirements for deduction under the Internal Revenue Code.

| | Department of the Treasury - Internal Revenue Service<br>**FOR INFORMATION ONLY** | Schedule No. |
|---|---|---|
| Name of Taxpayer(s)<br>TransCapital Leasing Associates 1994-I LP | | Year/Period<br>December 31, 1995 |

**IRC Section 6662(a) - Accuracy**

It is determined that the partnership improperly took deductions and/or credits. Therefore you are liable for the accuracy-related penalty imposed under Section 6662(a) of the Internal Revenue Code because there was (1) a substantial understatement of income tax or (2) you were negligent or disregarded rules or regulations. Section 6662(a) is applicable at the individual partner level and may be raised in separate proceedings at the partner level following the partnership proceeding.

**Internal Revenue Service**
Appeals Office
4050 Alpha Road
Suite 517, MC:8000NWSAT
Dallas, TX 75244

Date: AUG 1 5 2005

TAX MATTERS PARTNER
TRANSCAPITAL LEASING ASSOCIATES 1994-I LP
11490 COMMERCE PARK DRIVE, SUITE 500
RESTON, VA 20191

**Department of the Treasury**

**Person to Contact:**
Tony Seidel
Employee ID Number: 5-25013
Tel: (972) 308-7317
Fax: (972) 308-7284
**Refer Reply to:**
AP:FW:DAL:
**Name of Partnership:**
TransCapital Leasing Associates 1994-I LP
**Partnership Identifying Number:**
54-1740547
**Date FPAA Mailed to Tax Matters Partner:**

**Taxpayer Identification Number:**

**Tax Year Ended:**
December 31, 1996

**Certified Mail**

Dear Partner:

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You may compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

You have three options available to you.

1. **If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

2. **If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date of this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more that one petition is filed in Tax Court, the first petition filed will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, N.W.**
**Washington, D.C. 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition, or each must file a separate signed petition.

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court or the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

3. **If you do nothing:**

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you after 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,
Mark W. Everson
Commissioner
By

Leonard Horton
Appeals Team Manager

Enclosures:
Explanation of Adjustments
Form 870-P

## FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

| Form 870-P (Rev. 8/2004) | Department of the Treasury - Internal Revenue Service<br>**AGREEMENT TO ASSESSMENT AND COLLECTION OF DEFICIENCY IN TAX FOR PARTNERSHIP ADJUSTMENTS** | IN REPLY REFER TO:<br>AP:FW:DAL: |
|---|---|---|

| **Taxpayer(s) name(s), address, and ZIP code:** | **Name of Partnership:** | **Tax Year(s) Ended:** |
|---|---|---|
| .x Matters Partner<br>TransCapital Leasing<br>Associates 1994-I LP<br>11490 Commerce Park Drive, Suite 500<br>Reston, VA 20191 | TRANSCAPITAL LEASING<br>ASSOCIATES 1994-I LP<br><br>**Taxpayer Identifying Number:**<br>54-1740547 | December 31, 1996 |
| **Taxpayer Identifying Number:**<br>54-1740547 | **Name of Tax Matters Partner:** | |

## OFFER OF AGREEMENT FOR PARTNERSHIP ITEMS

Under the provisions of section 6224(c) and 7121 of the Internal Revenue Code (IRC), the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items of the partnership for the years shown on the attached schedule of adjustments. The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive(s) the restrictions provided in IRC sections 6225(a) and 6213(a) and consent(s) to the assessment and collection of any deficiency attributable to partnership items as determined in this agreement (with interest as required by law).

This agreement is conditional, and will not become effective or final until this agreement form is returned to Internal Revenue and is signed for the Commissioner. The one year extension of the period of limitations on assessment under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form for the Commissioner. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into

If this agreement form is signed for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for an adjustment of partnership items, or for a refund or credit based on any change in the treatment of partnership items may be filed or prosecuted.

| | |
|---|---|
| Signature of Taxpayer | Date Signed |
| Signature of Taxpayer | Date Signed |
| By (Signature and Title) | Date Signed |

| **For Internal Revenue Use Only** | Date accepted for Commissioner: | Signature |
|---|---|---|
| | Office<br>Dallas | Title<br>Appeals Team Manager |

# INSTRUCTIONS FOR SIGNING FORM 870-P

1. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-P. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.

2. If the taxpayer is a corporation, the waiver must be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-P.

3. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.

4. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust.

5. If this offer is with respect to the tax liability for the consolidated return year, the agreement should be signed in the name of the common parent of the consolidated group for the consolidated return year. The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the corporation, should be displayed in the signature block.

6. If the Tax Matters Partner signs this offer, please include the title with the signature.

7. If this offer is signed by a Tax Matters Partner that is a subsidiary corporation, then an officer authorized to sign this agreement for the year(s) indicated on the form must sign for the parent corporation. An authorized officer for the subsidiary corporation should also sign if the Tax Matters Partner is binding non-notice partners under the agreement. See Treas. Reg. 1.1502-77(a)(3)(v).

Department of the Treasury - Internal Revenue Service

# Agreement to Assessment and Collection of Deficiency in Tax For Partnership Adjustments

## SCHEDULE OF ADJUSTMENTS

| NAME OF PARTNERSHIP<br>**TRANSCAPITAL LEASING ASSOCIATES 1994-I LP** | Tax Year(s) Ended | | |
|---|---|---|---|
| TAXPAYER IDENTIFYING NUMBER **54-1740547** | 12/31/1996 | | |
| DETAIL OF ADJUSTMENTS TO ORDINARY INCOME | | | |
| TOTAL ADJUSTMENTS TO ORDINARY INCOME | NONE | | |
| OTHER ADJUSTMENTS | | | |
| A. **NET RENTAL INCOME** | | | |
| (1) ADJUSTMENT | $2,492,381.00 | | |
| (2) AS REPORTED | ($2,492,381.00) | | |
| (3) CORRECTED | $0.00 | | |
| B. **INTEREST INCOME** | | | |
| (1) ADJUSTMENT | ($878,852.00) | | |
| (2) AS REPORTED | $878,852.00 | | |
| (3) CORRECTED | $0.00 | | |

REMARKS

| Form 886-A (Rev. May 1980) | Department of the Treasury - Internal Revenue Service **EXPLANATION OF ADJUSTMENTS** | Schedule No. |
|---|---|---|
| Name of Taxpayer(s) TransCapital Leasing Associates 1994-I LP | | Year/Period December 31, 1996 |

**Net Rental Income**
**Interest Income**

It has been determined that the items reported on your returns are not allowable because they relate to transactions that lack economic substance, were prearranged and predetermined and were without a legitimate business purpose. In addition, you have not shown that the amounts you deducted were ordinary and necessary business expenses were expended or incurred for the purpose designated or otherwise meet the requirements for deduction under the Internal Revenue Code.

| | Department of the Treasury - Internal Revenue Service<br>**FOR INFORMATION ONLY** | Schedule No. |
|---|---|---|
| Name of Taxpayer(s)<br><br>TransCapital Leasing Associates 1994-I LP | | Year/Period<br><br>December 31, 1996 |

**IRC Section 6662(a) - Accuracy**

It is determined that the partnership improperly took deductions and/or credits. Therefore you are liable for the accuracy-related penalty imposed under Section 6662(a) of the Internal Revenue Code because there was (1) a substantial understatement of income tax or (2) you were negligent or disregarded rules or regulations. Section 6662(a) is applicable at the individual partner level and may be raised in separate proceedings at the partner level following the partnership proceeding.

**Internal Revenue Service**
Appeals Office
4050 Alpha Road
Suite 517, MC:8000NWSAT
Dallas, TX 75244

Date: AUG 1 5 2005

TRANSCAPITAL MANAGEMENT ASSOCIATES
LP XII
TAX MATTERS PARTNER
TRANSCAPITAL LEASING ASSOCIATES 1994-I LP
11490 COMMERCE PARK DRIVE, SUITE 500
RESTON, VA 20191

**Department of the Treasury**

**Person to Contact:**
Tony Seidel
Employee ID Number: 5-25013
Tel: (972) 308-7317
Fax: (972) 308-7284
**Refer Reply to:**
AP:FW:DAL:
**Name of Partnership:**
TransCapital Leasing Associates 1994-I LP
**Partnership Identifying Number:**
54-1740547
**Date FPAA Mailed to Tax Matters Partner:**

**Taxpayer Identification Number:**
54-1740553
**Tax Year Ended:**
December 31, 1996

**Certified Mail**

Dear Partner:

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments,* is a summary of the proposed adjustments to the partnership return. You may compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

You have three options available to you.

1. **If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

2. **If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date of this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more that one petition is filed in Tax Court, the first petition filed will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, N.W.**
**Washington, D.C. 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition, or each must file a separate signed petition.

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court or the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

3. **If you do nothing:**

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you after 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,
Mark W. Everson
Commissioner
By

Leonard Horton
Appeals Team Manager

Enclosures:
Explanation of Adjustments
Form 870-P

## FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

| Form 870-P (Rev. 8/2004) | Department of the Treasury - Internal Revenue Service<br>**AGREEMENT TO ASSESSMENT AND COLLECTION OF DEFICIENCY IN TAX FOR PARTNERSHIP ADJUSTMENTS** | IN REPLY REFER TO:<br>AP:FW:DAL: |
|---|---|---|
| **Taxpayer(s) name(s), address, and ZIP code:**<br>TransCapital Management Associates LP XII<br>Tax Matters Partner<br>TransCapital Leasing Associates 1994-I LP<br>11490 Commerce Park Drive, Suite 500<br>Reston, VA 20191 | **Name of Partnership:**<br>TRANSCAPITAL LEASING ASSOCIATES 1994-I LP<br>**Taxpayer Identifying Number:**<br>54-1740547 | **Tax Year(s) Ended:**<br>December 31, 1996 |
| **Taxpayer Identifying Number:**<br>54-1740553 | **Name of Tax Matters Partner:**<br>TransCapital Management Associates LP XII | |

## OFFER OF AGREEMENT FOR PARTNERSHIP ITEMS

Under the provisions of section 6224(c) and 7121 of the Internal Revenue Code (IRC), the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items of the partnership for the years shown on the attached schedule of adjustments. The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive(s) the restrictions provided in IRC sections 6225(a) and 6213(a) and consent(s) to the assessment and collection of any deficiency attributable to partnership items as determined in this agreement (with interest as required by law).

This agreement is conditional, and will not become effective or final until this agreement form is returned to Internal Revenue and is signed for the Commissioner. The one year extension of the period of limitations on assessment under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form for the Commissioner. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into

If this agreement form is signed for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for an adjustment of partnership items, or for a refund or credit based on any change in the treatment of partnership items may be filed or prosecuted.

| | |
|---|---|
| Signature of Taxpayer | Date Signed |
| Signature of Taxpayer | Date Signed |
| By (Signature and Title) | Date Signed |

| | | |
|---|---|---|
| **For Internal Revenue Use Only** | Date accepted for Commissioner: | Signature |
| | Office<br>Dallas | Title<br>Appeals Team Manager |

Catalog Number 61175O (See instructions for Signing Agreement) Form 870-P-c (Rev. 8/2004)

# INSTRUCTIONS FOR SIGNING FORM 870-P

1. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-P. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.

2. If the taxpayer is a corporation, the waiver must be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-P.

3. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.

4. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust.

5. If this offer is with respect to the tax liability for the consolidated return year, the agreement should be signed in the name of the common parent of the consolidated group for the consolidated return year. The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the corporation, should be displayed in the signature block.

6. If the Tax Matters Partner signs this offer, please include the title with the signature.

7. If this offer is signed by a Tax Matters Partner that is a subsidiary corporation, then an officer authorized to sign this agreement for the year(s) indicated on the form must sign for the parent corporation. An authorized officer for the subsidiary corporation should also sign if the Tax Matters Partner is binding non-notice partners under the agreement. See Treas. Reg. 1.1502-77(a)(3)(v).

Department of the Treasury - Internal Revenue Service

# Agreement to Assessment and Collection of Deficiency in Tax For Partnership Adjustments

SCHEDULE OF ADJUSTMENTS

| NAME OF PARTNERSHIP<br>**TRANSCAPITAL LEASING ASSOCIATES 1994-I LP** | Tax Year(s) Ended | | |
|---|---|---|---|
| TAXPAYER IDENTIFYING NUMBER **54-1740547** | 12/31/1996 | | |
| DETAIL OF ADJUSTMENTS TO ORDINARY INCOME | | | |
| TOTAL ADJUSTMENTS TO ORDINARY INCOME | NONE | | |
| OTHER ADJUSTMENTS | | | |
| **A. NET RENTAL INCOME** | | | |
| (1) ADJUSTMENT | $2,492,381.00 | | |
| (2) AS REPORTED | ($2,492,381.00) | | |
| (3) CORRECTED | $0.00 | | |
| **B. INTEREST INCOME** | | | |
| (1) ADJUSTMENT | ($878,852.00) | | |
| (2) AS REPORTED | $878,852.00 | | |
| (3) CORRECTED | $0.00 | | |

REMARKS

| Form 886-A (Rev. May 1980) | Department of the Treasury - Internal Revenue Service **EXPLANATION OF ADJUSTMENTS** | Schedule No. |
|---|---|---|
| Name of Taxpayer(s) TransCapital Leasing Associates 1994-I LP | | Year/Period December 31, 1996 |

**Net Rental Income**
**Interest Income**

It has been determined that the items reported on your returns are not allowable because they relate to transactions that lack economic substance, were prearranged and predetermined and were without a legitimate business purpose. In addition, you have not shown that the amounts you deducted were ordinary and necessary business expenses were expended or incurred for the purpose designated or otherwise meet the requirements for deduction under the Internal Revenue Code.

| | Department of the Treasury - Internal Revenue Service<br>**FOR INFORMATION ONLY** | Schedule No. |
|---|---|---|
| Name of Taxpayer(s)<br>TransCapital Leasing Associates 1994-I LP | | Year/Period<br>December 31, 1996 |

**IRC Section 6662(a) - Accuracy**

It is determined that the partnership improperly took deductions and/or credits. Therefore you are liable for the accuracy-related penalty imposed under Section 6662(a) of the Internal Revenue Code because there was (1) a substantial understatement of income tax or (2) you were negligent or disregarded rules or regulations. Section 6662(a) is applicable at the individual partner level and may be raised in separate proceedings at the partner level following the partnership proceeding.

**Internal Revenue Service**
Appeals Office
4050 Alpha Road
Suite 517, MC:8000NWSAT
Dallas, TX 75244

Date: AUG 1 5 2005

**Department of the Treasury**

**Person to Contact:**
Tony Seidel
Employee ID Number: 5-25013
Tel: (972) 308-7317
Fax: (972) 308-7284
**Refer Reply to:**
AP:FW:DAL:
**Name of Partnership:**
TransCapital Leasing Associates 1994-I LP
**Partnership Identifying Number:**
54-1740547
**Date FPAA Mailed to Tax Matters Partner:**

**Taxpayer Identification Number:**

**Tax Year Ended:**
December 31, 1997

TAX MATTERS PARTNER
TRANSCAPITAL LEASING ASSOCIATES 1994-I LP
11490 COMMERCE PARK DRIVE, SUITE 500
RESTON, VA 20191

**Certified Mail**

Dear Partner:

**NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT**

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You may compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

You have three options available to you.

1. **If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

2. **If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date of this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more that one petition is filed in Tax Court, the first petition filed will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, N.W.**
**Washington, D.C. 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition, or each must file a separate signed petition.

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court or the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

3. **If you do nothing:**

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you after 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,
Mark W. Everson
Commissioner
By

Leonard Horton
Appeals Team Manager

Enclosures:
Explanation of Adjustments
Form 870-PT

## FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

| Form 870-PT (Rev. 8/2004) | Department of the Treasury - Internal Revenue Service **Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts** | IN REPLY REFER TO: AP:FW:DAL: |
|---|---|---|
| **Taxpayer(s) name(s), address, and ZIP code:**<br>Tax Matters Partner<br>TransCapital Leasing Associates 1994-I LP<br>11490 Commerce Park Drive, Suite 500<br>Reston, VA 20191 | **Name of Partnership:**<br>TRANSCAPITAL LEASING ASSOCIATES 1994-I LP<br>**Taxpayer Identifying Number:**<br>54-1740547 | **Tax Year(s) Ended:**<br>December 31, 1997 |
| **Taxpayer Identifying Number:**<br>54-1740547 | **Name of Tax Matters Partner:** | |

**Offer of Agreement to Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts**
**&**
**Waiver of Restrictions on Assessment for Partnership Items, Penalties, Additions to Tax, and Additional Amounts**

Under sections 6224(c) and 7121 of the Internal Revenue Code (IRC) of 1986, the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items and partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items as shown on the attached schedule of adjustments.

The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive the restrictions provided by IRC sections 6225(a) and 6213(a) and consent to the assessment and collection of any deficiency attributable to partnership items, penalties, additions to tax, and additional amounts that relate to partnership items, as determined in this agreement, plus any interest provided by law.

This agreement is conditional and will not become effective or final until this agreement form is returned to the Commissioner and is signed on his or her behalf. The one-year extension of the period of limitations on assessments under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into.

If this part of this agreement form is signed for the Commissioner, the treatment of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items under this agreement will not be reopened in absence of fraud, malfeasance, or misrepresentation of fact. In addition, no claim for an adjustment of partnership items, refund or credit based on any change in the treatment of partnership items or partnership level determinations as to penalties, additions to tax, and additional amounts may be filed or prosecuted.

| | | | |
|---|---|---|---|
| Signature of Taxpayer | | | Date Signed |
| Signature of Taxpayer | | | Date Signed |
| By (Signature and title) | | | Date Signed |
| **For Internal Revenue Use Only** | Date Accepted for Commissioner: | Signature: | |
| | Office<br>Dallas | Title<br>Appeals Team Manager | |

# INSTRUCTIONS FOR SIGNING FORM 870-PT

1. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-PT. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.

2. If the taxpayer is a corporation, the waiver should be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-PT.

3. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.

4. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust.

5. If this offer is with respect to the tax liability for the consolidated return year, the agreement should be signed in the name of the common parent of the consolidated group for the consolidated return year. The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the corporation, should be displayed in the signature block.

6. If the Tax Matters Partner signs this offer, please include the title with the signature.

7. If this offer is signed by a Tax Matters Partner that is a subsidiary corporation, then an officer authorized to sign this agreement for the year(s) indicated on the form must sign for the parent corporation. An authorized officer for the subsidiary corporation should also sign if the Tax Matters Partner is binding non-notice partners under the agreement. See Treas. Reg. 1.1502-77(a)(3)(v).

Department of the Treasury - Internal Revenue Service
**Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax and Additional Amounts**

SCHEDULE OF ADJUSTMENTS

| Name of Partnership: TRANSCAPITAL LEASING ASSOCIATES | Tax Year(s) Ended | | |
|---|---|---|---|
| Taxpayer Identifying Number: 54-1740547 | 12/31/1997 | | |
| Detail of Adjustments to Ordinary Income | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| Total Adjustments to Ordinary Income | NONE | | |
| Other Adjustments | | | |
| **Net Rental Income** | | | |
| (1) Adjustment | $2,492,381.00 | | |
| (2) As Reported | ($2,492,381.00) | | |
| (3) Corrected | $0.00 | | |
| B. **Interest Income** | | | |
| (1) Adjustment | ($730,804.00) | | |
| (2) As Reported | $730,804.00 | | |
| (3) Corrected | $0.00 | | |

Remarks:

Penalties: Accuracy related penalty under IRC Section 6662(a) will be asserted.

Catalog Number 57315A

Form 870-PT-c (Rev. 8/2004)

| Form 886-A (Rev. May 1980) | Department of the Treasury - Internal Revenue Service **EXPLANATION OF ADJUSTMENTS** | Schedule No. |
|---|---|---|
| Name of Taxpayer(s) | | Year/Period |
| TransCapital Leasing Associates 1994-I LP | | December 31, 1997 |

**Net Rental Income**
**Interest Income**

It has been determined that the items reported on your returns are not allowable because they relate to transactions that lack economic substance, were prearranged and predetermined and were without a legitimate business purpose. In addition, you have not shown that the amounts you deducted were ordinary and necessary business expenses were expended or incurred for the purpose designated or otherwise meet the requirements for deduction under the Internal Revenue Code.

**IRC Section 6662(a) - Accuracy**

It is determined that the partnership improperly took deductions and/or credits. Therefore you are liable for the accuracy-related penalty imposed under Section 6662(a) of the Internal Revenue Code because there was (1) a substantial understatement of income tax or (2) you were negligent or disregarded rules and regulations. Section 6662(a) is applicable at the individual partner level and is asserted in this proceeding.

**Internal Revenue Service**
Appeals Office
4050 Alpha Road
Suite 517, MC:8000NWSAT
Dallas, TX 75244

Date: AUG 1 5 2005

TRANSCAPITAL MANAGEMENT ASSOCIATES LP XII
TAX MATTERS PARTNER
TRANSCAPITAL LEASING ASSOCIATES 1994-I LP
11490 COMMERCE PARK DRIVE, SUITE 500
RESTON, VA 20191

**Department of the Treasury**

**Person to Contact:**
Tony Seidel
Employee ID Number: 5-25013
Tel: (972) 308-7317
Fax: (972) 308-7284
**Refer Reply to:**
AP:FW:DAL:
**Name of Partnership:**
TransCapital Leasing Associates 1994-I LP
**Partnership Identifying Number:**
54-1740547
**Date FPAA Mailed to Tax Matters Partner:**

**Taxpayer Identification Number:**
54-1740553
**Tax Year Ended:**
December 31, 1997

**Certified Mail**

Dear Partner:

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You may compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

You have three options available to you.

1. **If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

2. **If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date of this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more that one petition is filed in Tax Court, the first petition filed will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, N.W.**
**Washington, D.C. 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition, or each must file a separate signed petition.

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court or the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

3. **If you do nothing:**

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you after 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,
Mark W. Everson
Commissioner
By

Leonard Horton
Appeals Team Manager

Enclosures:
Explanation of Adjustments
Form 870-PT

## FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

| Form 870-PT (Rev. 8/2004) | Department of the Treasury - Internal Revenue Service **Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts** | IN REPLY REFER TO: AP:FW:DAL: |
|---|---|---|
| **Taxpayer(s) name(s), address, and ZIP code:**<br>TransCapital Management Associates LP XII<br>Tax Matters Partner<br>TransCapital Leasing Associates 1994-I LP<br>11490 Commerce Park Drive, Suite 500<br>Reston, VA 20191 | **Name of Partnership:**<br>TRANSCAPITAL LEASING ASSOCIATES 1994-I LP<br>**Taxpayer Identifying Number:**<br>54-1740547 | **Tax Year(s) Ended:**<br>December 31, 1997 |
| **Taxpayer Identifying Number:**<br>54-1740553 | **Name of Tax Matters Partner:**<br>TransCapital Management Associates LP XII | |

**Offer of Agreement to Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts**
**&**
**Waiver of Restrictions on Assessment for Partnership Items, Penalties, Additions to Tax, and Additional Amounts**

Under sections 6224(c) and 7121 of the Internal Revenue Code (IRC) of 1986, the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items and partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items as shown on the attached schedule of adjustments.

The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive the restrictions provided by IRC sections 6225(a) and 6213(a) and consent to the assessment and collection of any deficiency attributable to partnership items, penalties, additions to tax, and additional amounts that relate to partnership items, as determined in this agreement, plus any interest provided by law.

This agreement is conditional and will not become effective or final until this agreement form is returned to the Commissioner and is signed on his or her behalf. The one-year extension of the period of limitations on assessments under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into.

If this part of this agreement form is signed for the Commissioner, the treatment of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items under this agreement will not be reopened in absence of fraud, malfeasance, or misrepresentation of fact. In addition, no claim for an adjustment of partnership items, refund or credit based on any change in the treatment of partnership items or partnership level determinations as to penalties, additions to tax, and additional amounts may be filed or prosecuted.

| | | |
|---|---|---|
| Signature of Taxpayer | | Date Signed |
| Signature of Taxpayer | | Date Signed |
| By (Signature and title) | | Date Signed |
| **For Internal Revenue Use Only** | Date Accepted for Commissioner: | Signature: |
| | Office<br>Dallas | Title<br>Appeals Team Manager |

Catalog Number 57315A (See Instructions for Signing Agreement) Form 870-PT-c (Rev. 8/2004)

## INSTRUCTIONS FOR SIGNING FORM 870-PT

1. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-PT. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.

2. If the taxpayer is a corporation, the waiver should be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-PT.

3. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.

4. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust.

5. If this offer is with respect to the tax liability for the consolidated return year, the agreement should be signed in the name of the common parent of the consolidated group for the consolidated return year. The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the corporation, should be displayed in the signature block.

6. If the Tax Matters Partner signs this offer, please include the title with the signature.

7. If this offer is signed by a Tax Matters Partner that is a subsidiary corporation, then an officer authorized to sign this agreement for the year(s) indicated on the form must sign for the parent corporation. An authorized officer for the subsidiary corporation should also sign if the Tax Matters Partner is binding non-notice partners under the agreement. See Treas. Reg. 1.1502-77(a)(3)(v).

Department of the Treasury - Internal Revenue Service
**Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax and Additional Amounts**

SCHEDULE OF ADJUSTMENTS

| Name of Partnership: TRANSCAPITAL LEASING ASSOCIATES | Tax Year(s) Ended | | |
|---|---|---|---|
| Taxpayer Identifying Number: 54-1740547 | 12/31/1997 | | |
| Detail of Adjustments to Ordinary Income | | | |
| Total Adjustments to Ordinary Income | NONE | | |
| Other Adjustments | | | |
| .. **Net Rental Income** | | | |
| (1) Adjustment | $2,492,381.00 | | |
| (2) As Reported | ($2,492,381.00) | | |
| (3) Corrected | $0.00 | | |
| B. **Interest Income** | | | |
| (1) Adjustment | ($730,804.00) | | |
| (2) As Reported | $730,804.00 | | |
| (3) Corrected | $0.00 | | |

Remarks:

Penalties: Accuracy related penalty under IRC Section 6662(a) will be asserted.

| Form 886-A (Rev. May 1980) | Department of the Treasury - Internal Revenue Service **EXPLANATION OF ADJUSTMENTS** | Schedule No. |
|---|---|---|
| Name of Taxpayer(s) TransCapital Leasing Associates 1994-I LP | | Year/Period December 31, 1997 |

**Net Rental Income**
**Interest Income**

It has been determined that the items reported on your returns are not allowable because they relate to transactions that lack economic substance, were prearranged and predetermined and were without a legitimate business purpose. In addition, you have not shown that the amounts you deducted were ordinary and necessary business expenses were expended or incurred for the purpose designated or otherwise meet the requirements for deduction under the Internal Revenue Code.

**IRC Section 6662(a) - Accuracy**

It is determined that the partnership improperly took deductions and/or credits. Therefore you are liable for the accuracy-related penalty imposed under Section 6662(a) of the Internal Revenue Code because there was (1) a substantial understatement of income tax or (2) you were negligent or disregarded rules and regulations. Section 6662(a) is applicable at the individual partner level and is asserted in this proceeding.

**Internal Revenue Service**
Appeals Office
4050 Alpha Road
Suite 517, MC:8000NWSAT
Dallas, TX 75244

Date: AUG 15 2005

TAX MATTERS PARTNER
TRANSCAPITAL LEASING ASSOCIATES 1994-I LP
11490 COMMERCE PARK DRIVE, SUITE 500
RESTON, VA 20191

**Department of the Treasury**

**Person to Contact:**
Tony Seidel
Employee ID Number: 5-25013
Tel: (972) 308-7317
Fax: (972) 308-7284

**Refer Reply to:**
AP:FW:DAL:

**Name of Partnership:**
TransCapital Leasing Associates 1994-I LP

**Partnership Identifying Number:**
54-1740547

**Date FPAA Mailed to Tax Matters Partner:**

**Taxpayer Identification Number:**

**Tax Year Ended:**
December 31, 1998

**Certified Mail**

Dear Partner:

**NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT**

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments,* is a summary of the proposed adjustments to the partnership return. You may compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

You have three options available to you.

1. **If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

2. **If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date of this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more that one petition is filed in Tax Court, the first petition filed will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, N.W.**
**Washington, D.C. 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition, or each must file a separate signed petition.

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court or the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

3. **If you do nothing:**

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you after 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,
Mark W. Everson
Commissioner
By

Leonard Horton
Appeals Team Manager

Enclosures:
Explanation of Adjustments
Form 870-PT

## FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

| Form 870-PT (Rev. 8/2004) | Department of the Treasury - Internal Revenue Service **Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts** | IN REPLY REFER TO: AP:FW:DAL: |
|---|---|---|

| **Taxpayer(s) name(s), address, and ZIP code:** | **Name of Partnership:** | **Tax Year(s) Ended:** |
|---|---|---|
| Tax Matters Partner<br>TransCapital Leasing<br>Associates 1994-I LP<br>11490 Commerce Park Drive, Suite 500<br>Reston, VA 20191 | TRANSCAPITAL LEASING<br>ASSOCIATES 1994-I LP<br><br>**Taxpayer Identifying Number:**<br>54-1740547 | December 31, 1998 |
| **Taxpayer Identifying Number:**<br>54-1740547 | **Name of Tax Matters Partner:** | |

**Offer of Agreement to Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts**
**&**
**Waiver of Restrictions on Assessment for Partnership Items, Penalties, Additions to Tax, and Additional Amounts**

Under sections 6224(c) and 7121 of the Internal Revenue Code (IRC) of 1986, the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items and partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items as shown on the attached schedule of adjustments.

The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive the restrictions provided by IRC sections 6225(a) and 6213(a) and consent to the assessment and collection of any deficiency attributable to partnership items, penalties, additions to tax, and additional amounts that relate to partnership items, as determined in this agreement, plus any interest provided by law.

This agreement is conditional and will not become effective or final until this agreement form is returned to the Commissioner and is signed on his or her behalf. The one-year extension of the period of limitations on assessments under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into.

If this part of this agreement form is signed for the Commissioner, the treatment of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items under this agreement will not be reopened in absence of fraud, malfeasance, or misrepresentation of fact. In addition, no claim for an adjustment of partnership items, refund or credit based on any change in the treatment of partnership items or partnership level determinations as to penalties, additions to tax, and additional amounts may be filed or prosecuted.

| Signature of Taxpayer | Date Signed |
|---|---|
| Signature of Taxpayer | Date Signed |
| By (Signature and title) | Date Signed |

| **For Internal Revenue Use Only** | Date Accepted for Commissioner: | Signature: |
|---|---|---|
| | Office<br>Dallas | Title<br>Appeals Team Manager |

Catalog Number 57315A (See Instructions for Signing Agreement) Form 870-PT-c (Rev. 8/2004)

## INSTRUCTIONS FOR SIGNING FORM 870-PT

1. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-PT. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.

2. If the taxpayer is a corporation, the waiver should be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-PT.

3. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.

4. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust.

5. If this offer is with respect to the tax liability for the consolidated return year, the agreement should be signed in the name of the common parent of the consolidated group for the consolidated return year. The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the corporation, should be displayed in the signature block.

6. If the Tax Matters Partner signs this offer, please include the title with the signature.

7. If this offer is signed by a Tax Matters Partner that is a subsidiary corporation, then an officer authorized to sign this agreement for the year(s) indicated on the form must sign for the parent corporation. An authorized officer for the subsidiary corporation should also sign if the Tax Matters Partner is binding non-notice partners under the agreement. See Treas. Reg. 1.1502-77(a)(3)(v).

Department of the Treasury - Internal Revenue Service
**Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax and Additional Amounts**

SCHEDULE OF ADJUSTMENTS

| Name of Partnership: TRANSCAPITAL LEASING ASSOCIATES | Tax Year(s) Ended | | |
|---|---|---|---|
| Taxpayer Identifying Number: 54-1740547 | 12/31/1998 | | |
| Detail of Adjustments to Ordinary Income | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| Total Adjustments to Ordinary Income | NONE | | |
| Other Adjustments | | | |
| **Net Rental Income** | | | |
| (1) Adjustment | $2,492,381.00 | | |
| (2) As Reported | ($2,492,381.00) | | |
| (3) Corrected | $0.00 | | |
| B. **Interest Income** | | | |
| (1) Adjustment | ($567,254.00) | | |
| (2) As Reported | $567,254.00 | | |
| (3) Corrected | $0.00 | | |

Remarks:

Penalties: Accuracy related penalty under IRC Section 6662(a) will be asserted.

| Form 886-A (Rev. May 1980) | Department of the Treasury - Internal Revenue Service **EXPLANATION OF ADJUSTMENTS** | Schedule No. |
|---|---|---|
| Name of Taxpayer(s) TransCapital Leasing Associates 1994-I LP | | Year/Period December 31, 1998 |

**Net Rental Income**
**Interest Income**

It has been determined that the items reported on your returns are not allowable because they relate to transactions that lack economic substance, were prearranged and predetermined and were without a legitimate business purpose. In addition, you have not shown that the amounts you deducted were ordinary and necessary business expenses were expended or incurred for the purpose designated or otherwise meet the requirements for deduction under the Internal Revenue Code..

**IRC Section 6662(a) - Accuracy**

It is determined that the partnership improperly took deductions and/or credits. Therefore you are liable for the accuracy-related penalty imposed under Section 6662(a) of the Internal Revenue Code because there was (1) a substantial understatement of income tax or (2) you were negligent or disregarded rules and regulations. Section 6662(a) is applicable at the individual partner level and is asserted in this proceeding.

**Internal Revenue Service**
Appeals Office
4050 Alpha Road
Suite 517, MC:8000NWSAT
Dallas, TX 75244

Date: AUG 1 5 2005

TRANSCAPITAL MANAGEMENT ASSOCIATES
LP XII
TAX MATTERS PARTNER
TRANSCAPITAL LEASING ASSOCIATES 1994-I LP
11490 COMMERCE PARK DRIVE, SUITE 500
RESTON, VA 20191

**Department of the Treasury**

**Person to Contact:**
Tony Seidel
Employee ID Number: 5-25013
Tel: (972) 308-7317
Fax: (972) 308-7284
**Refer Reply to:**
AP:FW:DAL:
**Name of Partnership:**
TransCapital Leasing Associates 1994-I LP
**Partnership Identifying Number:**
54-1740547
**Date FPAA Mailed to Tax Matters Partner:**

**Taxpayer Identification Number:**
54-1740553
**Tax Year Ended:**
December 31, 1998

**Certified Mail**

Dear Partner:

**NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT**

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments,* is a summary of the proposed adjustments to the partnership return. You may compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

You have three options available to you.

1. **If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

2. **If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date of this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more that one petition is filed in Tax Court, the first petition filed will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, N.W.**
**Washington, D.C. 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition, or each must file a separate signed petition.

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court or the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

3. **If you do nothing:**

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you after 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,
Mark W. Everson
Commissioner
By

Leonard Horton
Appeals Team Manager

Enclosures:
Explanation of Adjustments
Form 870-PT

## FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

| Form 870-PT (Rev. 8/2004) | Department of the Treasury - Internal Revenue Service **Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts** | IN REPLY REFER TO: AP:FW:DAL: |
|---|---|---|
| **Taxpayer(s) name(s), address, and ZIP code:** TransCapital Management Associates LP XII Tax Matters Partner TransCapital Leasing Associates 1994-I LP 11490 Commerce Park Drive, Suite 500 Reston, VA 20191 | **Name of Partnership:** TRANSCAPITAL LEASING ASSOCIATES 1994-I LP **Taxpayer Identifying Number:** 54-1740547 | **Tax Year(s) Ended:** December 31, 1998 |
| **Taxpayer Identifying Number:** 54-1740553 | **Name of Tax Matters Partner:** TransCapital Management Associates LP XII | |

**Offer of Agreement to Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts**
**&**
**Waiver of Restrictions on Assessment for Partnership Items, Penalties, Additions to Tax, and Additional Amounts**

Under sections 6224(c) and 7121 of the Internal Revenue Code (IRC) of 1986, the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items and partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items as shown on the attached schedule of adjustments.

The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive the restrictions provided by IRC sections 6225(a) and 6213(a) and consent to the assessment and collection of any deficiency attributable to partnership items, penalties, additions to tax, and additional amounts that relate to partnership items, as determined in this agreement, plus any interest provided by law.

This agreement is conditional and will not become effective or final until this agreement form is returned to the Commissioner and is signed on his or her behalf. The one-year extension of the period of limitations on assessments under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into.

If this part of this agreement form is signed for the Commissioner, the treatment of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items under this agreement will not be reopened in absence of fraud, malfeasance, or misrepresentation of fact. In addition, no claim for an adjustment of partnership items, refund or credit based on any change in the treatment of partnership items or partnership level determinations as to penalties, additions to tax, and additional amounts may be filed or prosecuted.

| | |
|---|---|
| Signature of Taxpayer | Date Signed |
| Signature of Taxpayer | Date Signed |
| By (Signature and title) | Date Signed |

| | | |
|---|---|---|
| **For Internal Revenue Use Only** | Date Accepted for Commissioner: | Signature: |
| | Office Dallas | Title Appeals Team Manager |

# INSTRUCTIONS FOR SIGNING FORM 870-PT

1. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-PT. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.

2. If the taxpayer is a corporation, the waiver should be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-PT.

3. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.

4. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust.

5. If this offer is with respect to the tax liability for the consolidated return year, the agreement should be signed in the name of the common parent of the consolidated group for the consolidated return year. The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the corporation, should be displayed in the signature block.

6. If the Tax Matters Partner signs this offer, please include the title with the signature.

7. If this offer is signed by a Tax Matters Partner that is a subsidiary corporation, then an officer authorized to sign this agreement for the year(s) indicated on the form must sign for the parent corporation. An authorized officer for the subsidiary corporation should also sign if the Tax Matters Partner is binding non-notice partners under the agreement. See Treas. Reg. 1.1502-77(a)(3)(v).

Department of the Treasury - Internal Revenue Service
**Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax and Additional Amounts**

SCHEDULE OF ADJUSTMENTS

| Name of Partnership: TRANSCAPITAL LEASING ASSOCIATES | Tax Year(s) Ended | | |
|---|---|---|---|
| Taxpayer Identifying Number: 54-1740547 | 12/31/1998 | | |
| Detail of Adjustments to Ordinary Income | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| Total Adjustments to Ordinary Income | NONE | | |
| Other Adjustments | | | |
| . **Net Rental Income** | | | |
| (1) Adjustment | $2,492,381.00 | | |
| (2) As Reported | ($2,492,381.00) | | |
| (3) Corrected | $0.00 | | |
| B. **Interest Income** | | | |
| (1) Adjustment | ($567,254.00) | | |
| (2) As Reported | $567,254.00 | | |
| (3) Corrected | $0.00 | | |

Remarks:

Penalties: Accuracy related penalty under IRC Section 6662(a) will be asserted.

Catalog Number 57315A

Form 870-PT-c (Rev. 8/2004)

| Form 886-A (Rev. May 1980) | Department of the Treasury - Internal Revenue Service **EXPLANATION OF ADJUSTMENTS** | Schedule No. |
|---|---|---|
| Name of Taxpayer(s) TransCapital Leasing Associates 1994-I LP | | Year/Period December 31, 1998 |

**Net Rental Income**
**Interest Income**

It has been determined that the items reported on your returns are not allowable because they relate to transactions that lack economic substance, were prearranged and predetermined and were without a legitimate business purpose. In addition, you have not shown that the amounts you deducted were ordinary and necessary business expenses were expended or incurred for the purpose designated or otherwise meet the requirements for deduction under the Internal Revenue Code.

**IRC Section 6662(a) - Accuracy**

It is determined that the partnership improperly took deductions and/or credits. Therefore you are liable for the accuracy-related penalty imposed under Section 6662(a) of the Internal Revenue Code because there was (1) a substantial understatement of income tax or (2) you were negligent or disregarded rules and regulations. ection 6662(a) is applicable at the individual partner level and is asserted in this proceeding.

7004 2510 0001 6596 5588

Internal Revenue Service
Appeals Office
4050 Alpha Road
Suite 517, MC:5000NWSAT
Dallas, TX 75244

Date: [illegible]

TRANSCAPITAL MANAGEMENT ASSOCIATES LP XII
TAX MATTERS PARTNER
TRANSCAPITAL LEASING ASSOCIATES 1994-I LP
11490 COMMERCE PARK DRIVE, SUITE 500
RESTON, VA 20191

**Certified Mail**

**Department of the Treasury**

**Person to Contact:**
Tony Seidel
Employee ID Number: 5-25013
Tel: (972) 308-7317
Fax: (972) 308-7284

**Refer Reply to:**
AP:FW:DAL

**Name of Partnership:**
TransCapital Leasing Associates 1994-I LP

**Partnership Identifying Number:**
54-1740547

**Date FPAA Mailed to Tax Matters Partner:**

**Taxpayer Identification Number:**
54-1740553

**Tax Year Ended:**
December 31, 1999

Dear Partner:

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You may compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

You have three options available to you.

1. **If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

2. **If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date of this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more that one petition is filed in Tax Court, the first petition filed will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, N.W.**
**Washington, D.C. 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition, or each must file a separate signed petition.

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court or the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

3. **If you do nothing:**

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you after 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,
Mark W. Everson
Commissioner
By

Leonard Horton
Appeals Team Manager

Enclosures:
Explanation of Adjustments
Form 870-PT

## FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

| Form 870-PT (Rev. 8/2004) | Department of the Treasury - Internal Revenue Service **Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts** | IN REPLY REFER TO: AP:FW:DAL: |
|---|---|---|
| **Taxpayer(s) name(s), address, and ZIP code:** TransCapital Management Associates LP XII<br>Tax Matters Partner<br>TransCapital Leasing Associates 1994-I LP<br>11490 Commerce Park Drive, Suite 500<br>Reston, VA 20191 | **Name of Partnership:** TRANSCAPITAL LEASING ASSOCIATES 1994-I LP<br>**Taxpayer Identifying Number:** 54-1740547 | **Tax Year(s) Ended:** December 31, 1999 |
| **Taxpayer Identifying Number:** 54-1740553 | **Name of Tax Matters Partner:** TransCapital Management Associates LP XII | |

**Offer of Agreement to Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts**
**&**
**Waiver of Restrictions on Assessment for Partnership Items, Penalties, Additions to Tax, and Additional Amounts**

Under sections 6224(c) and 7121 of the Internal Revenue Code (IRC) of 1986, the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items and partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items as shown on the attached schedule of adjustments.

The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive the restrictions provided by IRC sections 6225(a) and 6213(a) and consent to the assessment and collection of any deficiency attributable to partnership items, penalties, additions to tax, and additional amounts that relate to partnership items, as determined in this agreement, plus any interest provided by law.

This agreement is conditional and will not become effective or final until this agreement form is returned to the Commissioner and is signed on his or her behalf. The one-year extension of the period of limitations on assessments under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into.

If this part of this agreement form is signed for the Commissioner, the treatment of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items under this agreement will not be reopened in absence of fraud, malfeasance, or misrepresentation of fact. In addition, no claim for an adjustment of partnership items, refund or credit based on any change in the treatment of partnership items or partnership level determinations as to penalties, additions to tax, and additional amounts may be filed or prosecuted.

| Signature of Taxpayer | Date Signed |
|---|---|
| Signature of Taxpayer | Date Signed |
| By (Signature and title) | Date Signed |

| For Internal Revenue Use Only | Date Accepted for Commissioner: | Signature: |
|---|---|---|
| | Office<br>Dallas | Title<br>Appeals Team Manager |

Catalog Number 57315A (See Instructions for Signing Agreement) Form **870-PT-c** (Rev. 8/2004)

## INSTRUCTIONS FOR SIGNING FORM 870-PT

1. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-PT. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.

2. If the taxpayer is a corporation, the waiver should be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-PT.

3. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.

4. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust.

5. If this offer is with respect to the tax liability for the consolidated return year, the agreement should be signed in the name of the common parent of the consolidated group for the consolidated return year. The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the corporation, should be displayed in the signature block.

6. If the Tax Matters Partner signs this offer, please include the title with the signature.

7. If this offer is signed by a Tax Matters Partner that is a subsidiary corporation, then an officer authorized to sign this agreement for the year(s) indicated on the form must sign for the parent corporation. An authorized officer for the subsidiary corporation should also sign if the Tax Matters Partner is binding non-notice partners under the agreement. See Treas. Reg. 1.1502-77(a)(3)(v).

Department of the Treasury - Internal Revenue Service
**Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax and Additional Amounts**
SCHEDULE OF ADJUSTMENTS

| Name of Partnership: TRANSCAPITAL LEASING ASSOCIATES<br>Taxpayer Identifying Number: 54-1740547 | Tax Year(s) Ended | | |
|---|---|---|---|
| Detail of Adjustments to Ordinary Income | 12/31/1999 | | |
| Total Adjustments to Ordinary Income | NONE | | |
| Other Adjustments | | | |
| **Net Rental Income** | | | |
| (1) Adjustment | $2,492,381.00 | | |
| (2) As Reported | ($2,492,381.00) | | |
| (3) Corrected | $0.00 | | |
| B. **Interest Income** | | | |
| (1) Adjustment | ($386,578.00) | | |
| (2) As Reported | $386,578.00 | | |
| (3) Corrected | $0.00 | | |

Remarks:

Penalties: Accuracy related penalty under IRC Section 6662(a) will be asserted.

Catalog Number 57315A

Form **870-PT-c** (Rev. 8/2004)

| Form 886-A (Rev. May 1980) | Department of the Treasury - Internal Revenue Service **EXPLANATION OF ADJUSTMENTS** | Schedule No. |
|---|---|---|
| Name of Taxpayer(s) TransCapital Leasing Associates 1994-I LP | | Year/Period December 31, 1999 |

**Net Rental Income**
**Interest Income**

It has been determined that the items reported on your returns are not allowable because they relate to transactions that lack economic substance, were prearranged and predetermined and were without a legitimate business purpose. In addition, you have not shown that the amounts you deducted were ordinary and necessary business expenses were expended or incurred for the purpose designated or otherwise meet the requirements for deduction under the Internal Revenue Code.

**IRC Section 6662(a) - Accuracy**

It is determined that the partnership improperly took deductions and/or credits. Therefore you are liable for the accuracy-related penalty imposed under Section 6662(a) of the Internal Revenue Code because there was (1) a substantial understatement of income tax or (2) you were negligent or disregarded rules and regulations. Section 6662(a) is applicable at the individual partner level and is asserted in this proceeding.

**Internal Revenue Service**
Appeals Office
4050 Alpha Road
Suite 517, MC:8000NWSAT
Dallas, TX 75244

Date: AUG 1 5 2005

**Department of the Treasury**

**Person to Contact:**
Tony Seidel
Employee ID Number: 5-25013
Tel: (972) 308-7317
Fax: (972) 308-7284

**Refer Reply to:**
AP:FW:DAL:

**Name of Partnership:**
TransCapital Leasing Associates 1994-I LP

**Partnership Identifying Number:**
54-1740547

**Date FPAA Mailed to Tax Matters Partner:**

**Taxpayer Identification Number:**

**Tax Year Ended:**
December 31, 1999

TAX MATTERS PARTNER
TRANSCAPITAL LEASING ASSOCIATES 1994-I LP
11490 COMMERCE PARK DRIVE, SUITE 500
RESTON, VA 20191

**Certified Mail**

Dear Partner:

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments,* is a summary of the proposed adjustments to the partnership return. You may compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

You have three options available to you.

1. **If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

2. **If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date of this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more that one petition is filed in Tax Court, the first petition filed will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, N.W.**
**Washington, D.C. 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition, or each must file a separate signed petition.

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court or the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

3. **If you do nothing:**

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you after 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,
Mark W. Everson
Commissioner
By

Leonard Horton
Appeals Team Manager

Enclosures:
Explanation of Adjustments
Form 870-PT

## FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

| Form 870-PT (Rev. 8/2004) | Department of the Treasury - Internal Revenue Service **Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts** | IN REPLY REFER TO: AP:FW:DAL: |
|---|---|---|
| **Taxpayer(s) name(s), address, and ZIP code:** Tax Matters Partner TransCapital Leasing Associates 1994-I LP 11490 Commerce Park Drive, Suite 500 Reston, VA 20191 | **Name of Partnership:** TRANSCAPITAL LEASING ASSOCIATES 1994-I LP **Taxpayer Identifying Number:** 54-1740547 | **Tax Year(s) Ended:** December 31, 1999 |
| **Taxpayer Identifying Number:** 54-1740547 | **Name of Tax Matters Partner:** | |

**Offer of Agreement to Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts**
**&**
**Waiver of Restrictions on Assessment for Partnership Items, Penalties, Additions to Tax, and Additional Amounts**

Under sections 6224(c) and 7121 of the Internal Revenue Code (IRC) of 1986, the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items and partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items as shown on the attached schedule of adjustments.

The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive the restrictions provided by IRC sections 6225(a) and 6213(a) and consent to the assessment and collection of any deficiency attributable to partnership items, penalties, additions to tax, and additional amounts that relate to partnership items, as determined in this agreement, plus any interest provided by law.

This agreement is conditional and will not become effective or final until this agreement form is returned to the Commissioner and is signed on his or her behalf. The one-year extension of the period of limitations on assessments under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into.

If this part of this agreement form is signed for the Commissioner, the treatment of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items under this agreement will not be reopened in absence of fraud, malfeasance, or misrepresentation of fact. In addition, no claim for an adjustment of partnership items, refund or credit based on any change in the treatment of partnership items or partnership level determinations as to penalties, additions to tax, and additional amounts may be filed or prosecuted.

| Signature of Taxpayer | Date Signed |
|---|---|
| Signature of Taxpayer | Date Signed |
| By (Signature and title) | Date Signed |

| **For Internal Revenue Use Only** | Date Accepted for Commissioner: | Signature: |
|---|---|---|
| | Office Dallas | Title Appeals Team Manager |

## INSTRUCTIONS FOR SIGNING FORM 870-PT

1. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-PT. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.

2. If the taxpayer is a corporation, the waiver should be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-PT.

3. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.

4. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust.

5. If this offer is with respect to the tax liability for the consolidated return year, the agreement should be signed in the name of the common parent of the consolidated group for the consolidated return year. The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the corporation, should be displayed in the signature block.

6. If the Tax Matters Partner signs this offer, please include the title with the signature.

7. If this offer is signed by a Tax Matters Partner that is a subsidiary corporation, then an officer authorized to sign this agreement for the year(s) indicated on the form must sign for the parent corporation. An authorized officer for the subsidiary corporation should also sign if the Tax Matters Partner is binding non-notice partners under the agreement. See Treas. Reg. 1.1502-77(a)(3)(v).

Department of the Treasury - Internal Revenue Service
**Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax and Additional Amounts**
SCHEDULE OF ADJUSTMENTS

| Name of Partnership: TRANSCAPITAL LEASING ASSOCIATES | Tax Year(s) Ended | | |
|---|---|---|---|
| Taxpayer Identifying Number: 54-1740547 | 12/31/1999 | | |
| Detail of Adjustments to Ordinary Income | | | |
| Total Adjustments to Ordinary Income | NONE | | |
| Other Adjustments | | | |
| **A. Net Rental Income** | | | |
| (1) Adjustment | $2,492,381.00 | | |
| (2) As Reported | ($2,492,381.00) | | |
| (3) Corrected | $0.00 | | |
| **B. Interest Income** | | | |
| (1) Adjustment | ($386,578.00) | | |
| (2) As Reported | $386,578.00 | | |
| (3) Corrected | $0.00 | | |

Remarks:

Penalties: Accuracy related penalty under IRC Section 6662(a) will be asserted.

| Form 886-A (Rev. May 1980) | Department of the Treasury - Internal Revenue Service **EXPLANATION OF ADJUSTMENTS** | Schedule No. |
|---|---|---|
| Name of Taxpayer(s) TransCapital Leasing Associates 1994-I LP | | Year/Period December 31, 1999 |

**Net Rental Income**
**Interest Income**

It has been determined that the items reported on your returns are not allowable because they relate to transactions that lack economic substance, were prearranged and predetermined and were without a legitimate business purpose. In addition, you have not shown that the amounts you deducted were ordinary and necessary business expenses were expended or incurred for the purpose designated or otherwise meet the requirements for deduction under the Internal Revenue Code.

**IRC Section 6662(a) - Accuracy**

It is determined that the partnership improperly took deductions and/or credits. Therefore you are liable for the accuracy-related penalty imposed under Section 6662(a) of the Internal Revenue Code because there was (1) a substantial understatement of income tax or (2) you were negligent or disregarded rules and regulations. Section 6662(a) is applicable at the individual partner level and is asserted in this proceeding.

**Internal Revenue Service**
Appeals Office
4050 Alpha Road
Suite 517, MC:8000NWSAT
Dallas, TX 75244

Date: AUG 29 2005

TAX MATTERS PARTNER
TRANSCAPITAL LEASING ASSOCIATES 1994-I LP
11490 COMMERCE PARK DRIVE, SUITE 500
RESTON, VA 20191

**Department of the Treasury**

**Person to Contact:**
Tony Seidel
Employee ID Number: 5-25013
Tel: (972) 308-7317
Fax: (972) 308-7284
**Refer Reply to:**
AP:FW:DAL:
**Name of Partnership:**
TransCapital Leasing Associates 1994-I LP
**Partnership Identifying Number:**
54-1740547
**Date FPAA Mailed to Tax Matters Partner:**

**Taxpayer Identification Number:**

**Tax Year Ended:**
December 31, 2000

**Certified Mail**

Dear Partner:

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You may compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

You have three options available to you.

1. **If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

2. **If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date of this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more that one petition is filed in Tax Court, the first petition filed will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, N.W.**
**Washington, D.C. 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition, or each must file a separate signed petition.

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court or the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

3. **If you do nothing:**

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you after 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,
Mark W. Everson
Commissioner
By

Leonard Horton
Appeals Team Manager

Enclosures:
Explanation of Adjustments
Form 870-PT

## FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

| Form 870-PT (Rev. 8/2004) | Department of the Treasury - Internal Revenue Service **Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts** | IN REPLY REFER TO: AP:FW:DAL: |
|---|---|---|
| **Taxpayer(s) name(s), address, and ZIP code:**<br>Tax Matters Partner<br>TransCapital Leasing<br>Associates 1994-I LP<br>11490 Commerce Park Drive, Suite 500<br>Reston, VA 20191<br><br>**Taxpayer Identifying Number:**<br>54-1740547 | **Name of Partnership:**<br>TRANSCAPITAL LEASING<br>ASSOCIATES 1994-I LP<br><br>**Taxpayer Identifying Number:**<br>54-1740547<br><br>**Name of Tax Matters Partner:** | **Tax Year(s) Ended:**<br>December 31, 2000 |

**Offer of Agreement to Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts**
**&**
**Waiver of Restrictions on Assessment for Partnership Items, Penalties, Additions to Tax, and Additional Amounts**

Under sections 6224(c) and 7121 of the Internal Revenue Code (IRC) of 1986, the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items and partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items as shown on the attached schedule of adjustments.

The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive the restrictions provided by IRC sections 6225(a) and 6213(a) and consent to the assessment and collection of any deficiency attributable to partnership items, penalties, additions to tax, and additional amounts that relate to partnership items, as determined in this agreement, plus any interest provided by law.

This agreement is conditional and will not become effective or final until this agreement form is returned to the Commissioner and is signed on his or her behalf. The one-year extension of the period of limitations on assessments under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into.

If this part of this agreement form is signed for the Commissioner, the treatment of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items under this agreement will not be reopened in absence of fraud, malfeasance, or misrepresentation of fact. In addition, no claim for an adjustment of partnership items, refund or credit based on any change in the treatment of partnership items or partnership level determinations as to penalties, additions to tax, and additional amounts may be filed or prosecuted.

| Signature of Taxpayer | Date Signed |
|---|---|
| Signature of Taxpayer | Date Signed |
| By (Signature and title) | Date Signed |

| **For Internal Revenue Use Only** | Date Accepted for Commissioner: | Signature: |
|---|---|---|
| | Office<br>Dallas | Title<br>Appeals Team Manager |

Catalog Number 57315A (See Instructions for Signing Agreement) Form 870-PT-c (Rev. 8/2004)

# INSTRUCTIONS FOR SIGNING FORM 870-PT

1. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-PT. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.

2. If the taxpayer is a corporation, the waiver should be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-PT.

3. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.

4. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust.

5. If this offer is with respect to the tax liability for the consolidated return year, the agreement should be signed in the name of the common parent of the consolidated group for the consolidated return year. The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the corporation, should be displayed in the signature block.

6. If the Tax Matters Partner signs this offer, please include the title with the signature.

7. If this offer is signed by a Tax Matters Partner that is a subsidiary corporation, then an officer authorized to sign this agreement for the year(s) indicated on the form must sign for the parent corporation. An authorized officer for the subsidiary corporation should also sign if the Tax Matters Partner is binding non-notice partners under the agreement. See Treas. Reg. 1.1502-77(a)(3)(v).

Department of the Treasury - Internal Revenue Service
**Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax and Additional Amounts**
SCHEDULE OF ADJUSTMENTS

| Name of Partnership: TRANSCAPITAL LEASING ASSOCIATES | Tax Year(s) Ended | | |
|---|---|---|---|
| Taxpayer Identifying Number: 54-1740547 | 12/31/2000 | | |
| Detail of Adjustments to Ordinary Income | | | |
| Total Adjustments to Ordinary Income | NONE | | |
| Other Adjustments | | | |
| A. **Net Rental Income** | | | |
| (1) Adjustment | $2,087,627.00 | | |
| (2) As Reported | ($2,087,627.00) | | |
| (3) Corrected | $0.00 | | |
| B. **Interest Income** | | | |
| (1) Adjustment | ($160,799.00) | | |
| (2) As Reported | $160,799.00 | | |
| (3) Corrected | $0.00 | | |

Remarks:

Penalties: Accuracy related penalty under IRC Section 6662(a) will be asserted.

| Form 886-A (Rev. May 1980) | Department of the Treasury - Internal Revenue Service **EXPLANATION OF ADJUSTMENTS** | Schedule No. |
|---|---|---|
| Name of Taxpayer(s) TransCapital Leasing Associates 1994-I LP | | Year/Period December 31, 2000 |

**Net Rental Income**
**Interest Income**

It has been determined that the items reported on your returns are not allowable because they relate to transactions that lack economic substance, were prearranged and predetermined and were without a legitimate business purpose. In addition, you have not shown that the amounts you deducted were ordinary and necessary business expenses were expended or incurred for the purpose designated or otherwise meet the requirements for deduction under the Internal Revenue Code.

**IRC Section 6662(a) - Accuracy**

It is determined that the partnership improperly took deductions and/or credits. Therefore you are liable for the accuracy-related penalty imposed under Section 6662(a) of the Internal Revenue Code because there was (1) a substantial understatement of income tax or (2) you were negligent or disregarded rules and regulations. Section 6662(a) is applicable at the individual partner level and is asserted in this proceeding.

**Internal Revenue Service**
Appeals Office
4050 Alpha Road
Suite 517, MC:8000NWSAT
Dallas, TX 75244

Date: AUG 29 2005

TRANSCAPITAL MANAGEMENT ASSOCIATES LP XII
TAX MATTERS PARTNER
TRANSCAPITAL LEASING ASSOCIATES 1994-I LP
11490 COMMERCE PARK DRIVE, SUITE 500
RESTON, VA 20191

**Department of the Treasury**

**Person to Contact:**
Tony Seidel
Employee ID Number: 5-25013
Tel: (972) 308-7317
Fax: (972) 308-7284

**Refer Reply to:**
AP:FW:DAL:
**Name of Partnership:**
TransCapital Leasing Associates 1994-I LP
**Partnership Identifying Number:**
54-1740547
**Date FPAA Mailed to Tax Matters Partner:**

**Taxpayer Identification Number:**
54-1740553
**Tax Year Ended:**
December 31, 2000

**Certified Mail**

Dear Partner:

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You may compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

You have three options available to you.

1. **If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

2. **If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date of this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more that one petition is filed in Tax Court, the first petition filed will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, N.W.**
**Washington, D.C. 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition, or each must file a separate signed petition.

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court or the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

3. **If you do nothing:**

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you after 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,
Mark W. Everson
Commissioner
By

Leonard Horton
Appeals Team Manager

Enclosures:
Explanation of Adjustments
Form 870-PT

## FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

| Form 870-PT (Rev. 8/2004) | Department of the Treasury - Internal Revenue Service **Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts** | IN REPLY REFER TO: AP:FW:DAL: |
|---|---|---|
| **Taxpayer(s) name(s), address, and ZIP code:** TransCapital Management Associates LP XII Tax Matters Partner TransCapital Leasing Associates 1994-I LP 11490 Commerce Park Drive, Suite 500 Reston, VA 20191 | **Name of Partnership:** TRANSCAPITAL LEASING ASSOCIATES 1994-I LP **Taxpayer Identifying Number:** 54-1740547 | **Tax Year(s) Ended:** December 31, 2000 |
| **Taxpayer Identifying Number:** 54-1740553 | **Name of Tax Matters Partner:** TransCapital Management Associates LP XII | |

**Offer of Agreement to Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts**
**&**
**Waiver of Restrictions on Assessment for Partnership Items, Penalties, Additions to Tax, and Additional Amounts**

Under sections 6224(c) and 7121 of the Internal Revenue Code (IRC) of 1986, the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items and partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items as shown on the attached schedule of adjustments.

The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive the restrictions provided by IRC sections 6225(a) and 6213(a) and consent to the assessment and collection of any deficiency attributable to partnership items, penalties, additions to tax, and additional amounts that relate to partnership items, as determined in this agreement, plus any interest provided by law.

This agreement is conditional and will not become effective or final until this agreement form is returned to the Commissioner and is signed on his or her behalf. The one-year extension of the period of limitations on assessments under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into.

If this part of this agreement form is signed for the Commissioner, the treatment of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items under this agreement will not be reopened in absence of fraud, malfeasance, or misrepresentation of fact. In addition, no claim for an adjustment of partnership items, refund or credit based on any change in the treatment of partnership items or partnership level determinations as to penalties, additions to tax, and additional amounts may be filed or prosecuted.

| | | |
|---|---|---|
| Signature of Taxpayer | | Date Signed |
| Signature of Taxpayer | | Date Signed |
| By (Signature and title) | | Date Signed |
| **For Internal Revenue Use Only** | Date Accepted for Commissioner: | Signature: |
| | Office Dallas | Title Appeals Team Manager |

Catalog Number 57315A (See Instructions for Signing Agreement) Form 870-PT-c (Rev. 8/2004)

# INSTRUCTIONS FOR SIGNING FORM 870-PT

1. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-PT. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.

2. If the taxpayer is a corporation, the waiver should be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-PT.

3. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.

4. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust.

5. If this offer is with respect to the tax liability for the consolidated return year, the agreement should be signed in the name of the common parent of the consolidated group for the consolidated return year. The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the corporation, should be displayed in the signature block.

6. If the Tax Matters Partner signs this offer, please include the title with the signature.

7. If this offer is signed by a Tax Matters Partner that is a subsidiary corporation, then an officer authorized to sign this agreement for the year(s) indicated on the form must sign for the parent corporation. An authorized officer for the subsidiary corporation should also sign if the Tax Matters Partner is binding non-notice partners under the agreement. See Treas. Reg. 1.1502-77(a)(3)(v).

Department of the Treasury - Internal Revenue Service

**Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax and Additional Amounts**

SCHEDULE OF ADJUSTMENTS

| Name of Partnership: TRANSCAPITAL LEASING ASSOCIATES | Tax Year(s) Ended | | |
|---|---|---|---|
| Taxpayer Identifying Number: 54-1740547 | 12/31/2000 | | |
| Detail of Adjustments to Ordinary Income | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| Total Adjustments to Ordinary Income | NONE | | |
| Other Adjustments | | | |
| **Net Rental Income** | | | |
| (1) Adjustment | $2,087,627.00 | | |
| (2) As Reported | ($2,087,627.00) | | |
| (3) Corrected | $0.00 | | |
| B. **Interest Income** | | | |
| (1) Adjustment | ($160,799.00) | | |
| (2) As Reported | $160,799.00 | | |
| (3) Corrected | $0.00 | | |

Remarks:

Penalties: Accuracy related penalty under IRC Section 6662(a) will be asserted.

| Form 886-A (Rev. May 1980) | Department of the Treasury - Internal Revenue Service **EXPLANATION OF ADJUSTMENTS** | Schedule No. |
|---|---|---|
| Name of Taxpayer(s) TransCapital Leasing Associates 1994-I LP | | Year/Period December 31, 2000 |

**Net Rental Income**
**Interest Income**

It has been determined that the items reported on your returns are not allowable because they relate to transactions that lack economic substance, were prearranged and predetermined and were without a legitimate business purpose. In addition, you have not shown that the amounts you deducted were ordinary and necessary business expenses were expended or incurred for the purpose designated or otherwise meet the requirements for deduction under the Internal Revenue Code.

**IRC Section 6662(a) - Accuracy**

It is determined that the partnership improperly took deductions and/or credits. Therefore you are liable for the accuracy-related penalty imposed under Section 6662(a) of the Internal Revenue Code because there was (1) a substantial understatement of income tax or (2) you were negligent or disregarded rules and regulations. Section 6662(a) is applicable at the individual partner level and is asserted in this proceeding.

# <u>EXHIBIT B</u>

EXHIBIT

B

MEADOWS, OWENS, COLLIER, REED, COUSINS & BLAU, L.L.P.
ATTORNEYS AT LAW
A REGISTERED LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
901 MAIN STREET, SUITE 3700
DALLAS, TEXAS 75202
(214) 744-3700
www.meadowsowens.com

TARA C. CAMPBELL
Associate

FAX (214) 749-2487
WATS (800) 451-0093
tcampbell@meadowsowens.com

January 5, 2006

RECEIVED
INTERNAL REVENUE SERVICE
SB/SE - COMPLIANCE FIELD
JAN 05 2006
AREA 10 TERRITORY 01
GROUP 1600
DALLAS, TX

INTERNAL REVENUE SERVICE
RECEIVED WITH REMITTANCE
JAN 05 2006
Wage & Investment
DALLAS, TEXAS 75242

**VIA HAND DELIVERY**

Department of the Treasury
Internal Revenue Service
1100 Commerce St.
Dallas, TX 75242

Dear Sir or Madam:

Attached please find seven checks (the "Checks") in the following amounts:

1. One Hundred Twenty-Eight Thousand Five Hundred Sixty-Three Dollars and No/100 ($128,563);

2. Five Hundred Six Thousand One Hundred Fourteen Dollars and No/100 ($506,114);

3. Five Hundred Fifty-Nine Thousand Eighty-Eight Dollars and No/100 ($559,088);

4. Six Hundred Twenty-One Thousand Five Hundred Forty-Nine Dollars and No/100 ($621,549);

5. Seven Hundred Twenty-Four Thousand Two Hundred Thirty-Three Dollars and No/100 ($724,233);

6. Seven Hundred Sixty-Six Thousand Seven Hundred Thirty-Eight Dollars and No/100 ($766,738); and

7. Six Hundred Sixty-Seven Thousand Six Hundred Forty-Six Dollars and No/100 ($667,646).

The Checks are being deposited pursuant to Section 6226(e) of the Internal Revenue Code, on behalf of Plains Capital Corporation, EIN 75-2182440, and its subsidiaries Plains Capital Bank f/k/a Plains National Bank, EIN 75-0910774 and Plains Financial Corporation, EIN 75-2255891, which is a "notice" partner of TransCapital Leasing Associates 1994-I Limited Partnership, TIN/EIN 54-1740547 ("TCLA 1994-I"). This deposit is related to Notices of Final

Partnership Administrative Adjustment ("FPAAs") issued to TransCapital Management Associates XII Limited Partnership, the tax matters partner of TCLA 1994-I, for taxable years 1994-2000. The FPAAs issued for taxable years 1994-1999 were issued on August 15, 2005. The FPAAs issued for taxable year 2000 was issued on August 29, 2005.

Should you have any questions with respect to the foregoing, please do not hesitate to contact me at the direct telephone number shown above.

Very truly yours,

Tara C. Campbell

TCC/ar/331423
Enclosures

cc: Jeff Isom (w/o enclosures)
Scott Luedke (w/o enclosures)
M. Todd Welty (of the firm)(w/o enclosures)

PlainsCapital Corporation
2911 Turtle Creek Blvd.
Suite 700
Dallas, Texas 75219

PlainsCapital BANK
LUBBOCK, TEXAS
88-2299
1113

No. 008195

| CHECK NO. | DATE | CHECK AMOUNT |
|---|---|---|
| 8195 | 01/04/2006 | $667,646.00 |

EXPENSE CHECK

PAY ******************** SIX HUNDRED SIXTY-SEVEN THOUSAND SIX HUNDRED FORTY-SIX AND 00/100

TO THE ORDER OF Internal Revenue Service

AUTHORIZED SIGNATURE

⑈008195⑈ ⑆111322994⑆ ⑈17 497 9⑈

008195

PlainsCapital Corporation • Dallas, TX

| DATE | OUR ITEM | INVOICE NUMBER | DESCRIPTION | AMOUNT |
|---|---|---|---|---|
| 9997 | 17L06000 | TAXABLE YEAR 2000 | | 667,646.00 |

RECEIVED
INTERNAL REVENUE SERVICE
SB/SE - COMPLIANCE FIELD
JAN 05 2006
AREA 10 TERRITORY 01
GROUP 1600
DALLAS, TX

Total Amount: = $667,646.00

PlainsCapital Corporation
2911 Turtle Creek Blvd.
Suite 700
Dallas, Texas 75219

PlainsCapital BANK
LUBBOCK, TEXAS
88-2299
1113

No. 008197

CHECK NO. 8297 DATE 01/04/2006 CHECK AMOUNT $766,738.00

EXPENSE CHECK

PAY ************** SEVEN HUNDRED SIXTY-SIX THOUSAND SEVEN HUNDRED THIRTY-EIGHT AND 00/100

TO THE ORDER OF Internal Revenue Service

AUTHORIZED SIGNATURE

⑈008197⑈ ⑆111322994⑆ ⑈17 497 9⑈

008197

PlainsCapital Corporation • Dallas, TX

| DATE | OUR ITEM | INVOICE NUMBER | DESCRIPTION | AMOUNT |
|---|---|---|---|---|
| 9997 | 12106300 | TAXABLE YEAR 1999 | | 766,738.00 |

Total Amount: $766,738.00

RECEIVED
INTERNAL REVENUE SERVICE
SB/SE - COMPLIANCE FIELD
JAN 05 2006
AREA 10 TERRITORY 01
GROUP 1600
DALLAS, TX

PlainsCapital Corporation
2911 Turtle Creek Blvd.
Suite 700
Dallas, Texas 75219

PlainsCapital BANK
LUBBOCK, TEXAS
88-2299
1113

No. 008196

| CHECK NO. | DATE | CHECK AMOUNT |
|---|---|---|
| 8196 | 01/04/2006 | $724,233.00 |

**EXPENSE CHECK**

PAY ************** SEVEN HUNDRED TWENTY-FOUR THOUSAND TWO HUNDRED THIRTY-THREE AND 00/100

TO THE ORDER OF Internal Revenue Service

AUTHORIZED SIGNATURE

⑈008196⑈ ⑆111322994⑆ ⑈17 497 9⑈

008196

PlainsCapital Corporation • Dallas, TX

| DATE | OUR ITEM | INVOICE NUMBER | DESCRIPTION | AMOUNT |
|---|---|---|---|---|
| 9997 | 17106330 | TAXABLE YEAR 1998 | | 724,233.00 |

Total Amount: = $724,233.00

RECEIVED
INTERNAL REVENUE SERVICE
SB/SE - COMPLIANCE FIELD
JAN 05 2006
AREA 10 TERRITORY 01
GROUP 1600
DALLAS, TX

**PlainsCapital Corporation**
2911 Turtle Creek Blvd.
Suite 700
Dallas, Texas 75219

PlainsCapital BANK
LUBBOCK, TEXAS

88-2299
1113

No. 008194

CHECK NO. 8194 DATE 01/04/2006 CHECK AMOUNT $621,549.00

**EXPENSE CHECK**

PAY ****************** SIX HUNDRED TWENTY-ONE THOUSAND FIVE HUNDRED FORTY-NINE AND 00/100

TO THE ORDER OF Internal Revenue Service

AUTHORIZED SIGNATURE

⑈008194⑈ ⑆111322994⑆ ⑈17 497 9⑈

008194

**PlainsCapital Corporation** • Dallas, TX

| DATE | OUR ITEM | INVOICE NUMBER | DESCRIPTION | AMOUNT |
|---|---|---|---|---|
| 9997 | 17106000 | TAXABLE YEAR 1997 | | 621,549.00 |

RECEIVED
INTERNAL REVENUE SERVICE
SB/SE - COMPLIANCE FIELD
JAN 05 2006
AREA 10 TERRITORY 01
GROUP 1600
DALLAS, TX

Total Amount = $621,549.00

PlainsCapital Corporation
2911 Turtle Creek Blvd.
Suite 700
Dallas, Texas 75219

PlainsCapital BANK
LUBBOCK, TEXAS
88-2299
1113

No. 008193

CHECK NO. 8193 DATE 01/04/2006 CHECK AMOUNT $559,088.00

**EXPENSE CHECK**

PAY ****************************** FIVE HUNDRED FIFTY-NINE THOUSAND EIGHTY-EIGHT AND 00/100

TO THE ORDER OF Internal Revenue Service

AUTHORIZED SIGNATURE

⑈008193⑈ ⑆111322994⑆ ⑈17 497 9⑈

008193

PlainsCapital Corporation • Dallas, TX

| DATE | OUR ITEM | INVOICE NUMBER | DESCRIPTION | AMOUNT |
|---|---|---|---|---|
| 9997 | 17106000 | TAXABLE YEAR 1996 | | $559,088.00 |

RECEIVED
INTERNAL REVENUE SERVICE
SB/SE - COMPLIANCE FIELD
JAN 05 2006
AREA 10 TERRITORY 01
GROUP 1600
DALLAS, TX

Total Amount: - $559,088.00

**PlainsCapital Corporation**
2911 Turtle Creek Blvd.
Suite 700
Dallas, Texas 75219

PlainsCapital BANK
LUBBOCK, TEXAS

88-2299
1113

No. 008192

CHECK NO. 8192 DATE 01/04/2006 CHECK AMOUNT $506,114.00

## EXPENSE CHECK

PAY ****************************** FIVE HUNDRED SIX THOUSAND ONE HUNDRED FOURTEEN AND 00/100

TO THE ORDER OF Internal Revenue Service

AUTHORIZED SIGNATURE

⑈008192⑈ ⑆111322994⑆ ⑈17 497 9⑈

**PlainsCapital Corporation** • Dallas, TX

008192

| DATE | OUR ITEM | INVOICE NUMBER | DESCRIPTION | AMOUNT |
|---|---|---|---|---|
| 9997 | 17106000 | TAXABLE YEAR 1995 | | 506,114.00 |

RECEIVED
INTERNAL REVENUE SERVICE
SB/SE-COMPLIANCE FIELD
JAN 05 2006
AREA 10 TERRITORY 01
GROUP 1600
DALLAS, TX

Total Amount: $506,114.00

PlainsCapital Corporation
2911 Turtle Creek Blvd.
Suite 700
Dallas, Texas 75219

PlainsCapital BANK
LUBBOCK, TEXAS

88-2299
1113

No. 008191

CHECK NO. 8191 DATE 01/04/2006 CHECK AMOUNT $128,563.00

**EXPENSE CHECK**

PAY *************** ONE HUNDRED TWENTY-EIGHT THOUSAND FIVE HUNDRED SIXTY-THREE AND 00/100

TO THE ORDER OF Internal Revenue Service

AUTHORIZED SIGNATURE

⑈008191⑈ ⑆111322994⑆ ⑈17 497 9⑈

008191

PlainsCapital Corporation • Dallas, TX

| DATE | OUR ITEM | INVOICE NUMBER | DESCRIPTION | AMOUNT |
|---|---|---|---|---|
| 9597 | 17106030 | TAXABLE YEAR 1994 | | 128,563.00 |

RECEIVED
INTERNAL REVENUE SERVICE
SB/SE - COMPLIANCE FIELD
JAN 05 2006
AREA 10 TERRITORY 01
GROUP 1600
DALLAS, TX

Total Amount = $128,563.00

Form 809 (Rev. March 1991)

Department of the Treasury — Internal Revenue Service

**2 Receipt for Payment of Taxes**

Receipt Number 212608-1

Identifying number and file source: 75-2182440
Check digit or name control: 8191
MFT: 06
Category (check one): TDA ☐ Notice ☐ Other ☒
Des Pmt Ind: 01 02 03 04 05 06 07 08 09 10 11 (99)
Tax form number: 1065
Period covered: 199412
Issue DTR
Type of payment: Cash ☐ Check ☒ Money Order ☐

Payment received from (Name and address):
Plains Capital Corporation
2911 Turtle Creek Blvd ste 700
Dallas Tx 75219

Signature of IRS employee: [signature]
Date: 1/5/06
Employee ID number: 75-16459

| | |
|---|---|
| Assessed amount | |
| Accrued penalty | |
| Accrued interest | |
| Fees TC 360 | |
| Other TC 640 | 128,563.00 |
| Total amt. received | 128,563.00 |

Part 2 — Receipt for Federal taxes listed above

Form 809 (Rev. 3-91)

Form 809 (Rev. March 1991)

Department of the Treasury — Internal Revenue Service

**2 Receipt for Payment of Taxes**

Receipt Number 212608-2

Identifying number and file source: 75-2182440
Check digit or name control: 8192
MFT: 06
Category (check one): TDA ☐ Notice ☐ Other ☒
Des Pmt Ind: 01 02 03 04 05 06 07 08 09 10 11 (99)
Tax form number: 1065
Period covered: 199512
Issue DTR
Type of payment: Cash ☐ Check ☒ Money Order ☐

Payment received from (Name and address):
Plains Capital Corporation
2911 Turtle Creek Blvd ste 700
Dallas Tx 75219

Signature of IRS employee: [signature]
Date: 1/5/06
Employee ID number: 75-16459

| | |
|---|---|
| Assessed amount | |
| Accrued penalty | |
| Accrued interest | |
| Fees TC 360 | |
| Other TC 640 | 506,114.00 |
| Total amt. received | 506,114.00 |

Part 2 — Receipt for Federal taxes listed above

Form 809 (Rev. 3-91)

Form 809 (Rev. March 1991)

Department of the Treasury — Internal Revenue Service

**2 Receipt for Payment of Taxes**

Receipt Number 212608-4

Identifying number and file source: 75-2182440
Check digit or name control: 8193
MFT: 06
Category (check one): TDA ☐ Notice ☐ Other ☒
Des Pmt Ind: 01 02 03 04 05 06 07 08 09 10 11 (99)
Tax form number: 1065
Period covered: 199612
Issue DTR
Type of payment: Cash ☐ Check ☒ Money Order ☐

Payment received from (Name and address):
Plains Capital Corporation
2911 Turtle Creek Blvd ste 700
Dallas, Tx 75219

Signature of IRS employee: [signature]
Date: 1/5/06
Employee ID number: 75-16459

| | |
|---|---|
| Assessed amount | |
| Accrued penalty | |
| Accrued interest | |
| Fees TC 360 | |
| Other TC 640 | 559,088.00 |
| Total amt. received | 559,088.00 |

Part 2 — Receipt for Federal taxes listed above

Form 809 (Rev. 3-91)

Form 809 (Rev. March 1991)

Department of the Treasury — Internal Revenue Service

## 2 Receipt for Payment of Taxes

Receipt Number 212608- 5

| Field | Entry |
|---|---|
| Identifying number and file source | 75-2182440 |
| Check digit or name control | 8194 |
| MFT | 06 |
| Category (check one): TDA / Notice / Other | Other [X] |
| Des Pmt Ind: 01 02 03 04 05 06 07 08 09 10 11 99 | 99 (circled) |
| Tax form number | 1065 |
| Period covered | 1997 |
| Issue DTR | |
| Type of payment: Cash / Check Money Order | Check [X] |
| Payment received from (Name and address) | Plains Capital Corporation, 2911 Turtle Creek Blvd ste 700, Dallas, Tx 75219 |
| Signature of IRS employee | [signature] |
| Date | 1/5/06 |
| Employee ID number | 75-16459 |
| Assessed amount | |
| Accrued penalty | |
| Accrued interest | |
| Fees TC 360 | |
| Other TC 640 | 621,549.00 |
| Total amt. received | 621,549.00 |

Part 2 — Receipt for Federal taxes listed above    Form 809 (Rev. 3-91)

Form 809 (Rev. March 1991)

Department of the Treasury — Internal Revenue Service

## 2 Receipt for Payment of Taxes

Receipt Number 212608- 6

| Field | Entry |
|---|---|
| Identifying number and file source | 75-2182440 |
| Check digit or name control | 8195 |
| MFT | 06 |
| Category (check one): TDA / Notice / Other | Other [X] |
| Des Pmt Ind: 01 02 03 04 05 06 07 08 09 10 11 99 | 99 (circled) |
| Tax form number | 1065 |
| Period covered | 200012 |
| Issue DTR | |
| Type of payment: Cash / Check Money Order | Check [X] |
| Payment received from (Name and address) | Plains Capital Corporation, 2911 Turtle Creek Blvd ste 700, Dallas, Tx 75219 |
| Signature of IRS employee | [signature] |
| Date | 1/5/06 |
| Employee ID number | 75-16459 |
| Assessed amount | |
| Accrued penalty | |
| Accrued interest | |
| Fees TC 360 | |
| Other TC 640 | 667,646.00 |
| Total amt. received | 667,646.00 |

Part 2 — Receipt for Federal taxes listed above    Form 809 (Rev. 3-91)

Form 809 (Rev. March 1991)

Department of the Treasury — Internal Revenue Service

## 2 Receipt for Payment of Taxes

Receipt Number 212608- 7

| Field | Entry |
|---|---|
| Identifying number and file source | 75-2182440 |
| Check digit or name control | 8196 |
| MFT | 06 |
| Category (check one): TDA / Notice / Other | Other [X] |
| Des Pmt Ind: 01 02 03 04 05 06 07 08 09 10 11 99 | 99 (circled) |
| Tax form number | 1065 |
| Period covered | 199812 |
| Issue DTR | |
| Type of payment: Cash / Check Money Order | Check [X] |
| Payment received from (Name and address) | Plains Capital Corporation, 2911 Turtle Creek Blvd ste 700, Dallas, Tx 75219 |
| Signature of IRS employee | [signature] |
| Date | 1/5/06 |
| Employee ID number | 75 16459 |
| Assessed amount | |
| Accrued penalty | |
| Accrued interest | |
| Fees TC 360 | |
| Other TC 640 | 724,233.00 |
| Total amt. received | 724,233.00 |

Part 2 — Receipt for Federal taxes listed above    Form 809 (Rev. 3-91)

Form **809** (Rev. March 1991)

Department of the Treasury — Internal Revenue Service

**2 Receipt for Payment of Taxes**

**Receipt Number** 212608 8

| | | | | |
|---|---|---|---|---|
| Identifying number and file source: 75-2182440 | Check digit or name control: 8197 | MFT: 06 | Category (check one): TDA [ ] Notice [ ] Other [X] | Des Pmt Ind: 01 02 03 04 05 06 07 08 09 10 11 (99) |
| Tax form number: 1065 | Period covered: 199912 | Issue DTR | Type of payment: Cash [ ] Check [X] Money Order [ ] | |

Payment received from *(Name and address)*

Plains Capital Corporation
2911 Turtle Creek Blvd ste 700
Dallas, TX 75219

| | |
|---|---|
| Assessed amount | |
| Accrued penalty | |
| Accrued interest | |
| Fees TC 360 | |
| Other TC 640 | 766,738.00 |
| Total amt. received | 766,738.00 |

| Signature of IRS employee | Date | Employee ID number |
|---|---|---|
| [signature] | 1/5/06 | 75-16459 |

**Part 2 — Receipt for Federal taxes listed above**

Form **809** (Rev. 3-91)