# TRANSCAPITAL

## Facsimile Cover Sheet

**To:** Charlie Matthews
**Company:**
**Phone:**
**Fax:** (203) 348-0506

**From:** Retta Smith
**Company:**
**Phone:** (203) 866-2569
**Fax:**

**Date:** 10/7/94
**Pages including this cover page:** 2

**Comments:** Charlie - Jay called this morning and asked that I fax the attached change to the Kennedy letter to you. FYI - JZ will be on a conference call from approx. 9:30 to 10:30 or 11. Jay said if you want to "strengthen" the underlined language please do so. Apparently, what he is trying to stress is that "proceeds" are equity proceeds. Additionally, he said that Kennedy's change to the remarketing agreement is TOTALLY unacceptable. It does affect the tax aspect of the transaction and also does not reflect what the original business deal has been all along. I am not to send/fax the letter to Kennedy until Jay talks to Dick. Jay wants Dick to call Kennedy to resolve the remarketing agreement change and, I think, discuss the payment letter.

Give me a call when you have a moment. I should have a good portion of the M. S. Carriers Level 2 documents done by noon time. Don't forget, I would really like to be out of the office todav no later than 4:45. Talk to you soon.

PENGAD-Bayonne, N.J.
GOVERNMENT EXHIBIT
A

TransCapital . 161 East Avenue . Norwalk . Connecticut . 06851 . (203) 866-2569 . FAX: (203) 855-9376/(203) 853-1252

**- Via Facsimile -**
**(617) 246-9880**

As Of October 6, 1994

Mr. Frank Kennedy
President
Old Colony Group, Inc.
482 Lowell Street
Lynnfield, MA 01940

**RE: Purchase and Sale Agreement dated September 15, 1994 ("Purchase Agreement")**

Dear Mr. Kennedy:

Reference is made to the above Purchase Agreement between you and the undersigned and specifically to the payment of the $325,000 cash portion of the Purchase Price thereunder. You have agreed to allow the undersigned to defer payment of same as follows:

(a) $100,000 shall be paid on October 7, 1994 by wire transfer to your account, and

(b) The balance ($225,000) shall be paid to you on or before October 28, 1994.

In consideration of your deferral of payment as set forth above, the undersigned hereby agrees that, if the undersigned fails to make either of the aforesaid payments when due, you shall have the right to foreclose upon the title and interest in the Equipment conveyed by you to the undersigned, without further legal process or proceedings, and resell such interest in mitigation of your damages, free and clear of any interest therein of the undersigned, its successors and assigns. Upon any such resale, you shall be entitled to first proceeds therefrom up to the sum of (i) the unpaid Purchase Price (under (a) and/or (b) above) then outstanding plus (ii) $35,000 as liquidated damages to you. The next $65,000 of such proceeds shall be paid to the undersigned with any excess thereafter being paid to and retained by you. For the purposes hereof proceeds shall be the consideration received by you on any such resale net of senior debt assumption.

Please acknowledge your acceptance of the foregoing by signing in the space provided below.

Very truly yours,

**TRANSCAPITAL COMPUTER CORPORATION**

By: ______________________________

Name: ______________________________

Title: ______________________________

**ACCEPTED AND AGREED TO:**

**OLD COLONY GROUP, INC.**

By: ______________________

Name: ____________________

Title: ______________________

(LtrDsk:W-OCG4)

TCC/OCG REMARKETING AGMT.

agreements, including the terms thereof shall be subject to the prior consent of Owner, which consent shall not be unreasonably withheld. With the exception of Lessee in connection with its purchase option under the Lease, only upon Owner's prior written consent shall Agent offer the Equipment for sale, which consent may be withheld for any reason or no reason.

**(b)** During the period from and after the date hereof through September 30, 2000, Agent shall prepare and file, or cause to be prepared and filed, timely and properly, all personal property tax returns and other tax returns and reports (including those with respect to sales, use and any other similar excise taxes) required by any federal, state and/or local taxing authority having jurisdiction with respect to the Equipment, the Lease and/or any other lease of the Equipment arranged by Agent hereunder in effect during said period. Agent shall also be responsible for timely remitting to the proper tax authorities all tax payments received from the lessee(s) under the Lease and/or such other leases.

3. **Agent's Compensation.** In consideration of and for the services to be performed by Agent hereunder, Owner shall pay Agent a fee equal to Twenty-five percent (25%) of the "net proceeds" derived from an Owner-approved lease or sale of the Equipment. ~~arranged by Agent hereunder.~~ JK For purposes hereof, "net proceeds" shall mean the gross proceeds derived from such lease or sale of the Equipment, less all reasonable and necessary expenses incurred in making the sale or lease, including, but not necessarily limited to, costs of reconditioning, delivery and installation (but excluding any fees or commissions paid by Agent, which shall be the sole responsibility of Agent) in making the sale or lease of the Equipment (the "Remarketing Expenses"). The Remarketing Expenses shall be reimbursed to Agent and shall be payable solely from the remarketing proceeds.

4. **Termination of Agency.** Except as otherwise provided herein, this Remarketing Agreement shall terminate upon the earlier of (i) September 30, 2000 or (ii) the sale of the Equipment.

5. **Miscellaneous.**

**(a)** **Notices.** Any notice, request or other communication to any party hereto which is provided or permitted for herein shall be given in writing and shall be deemed given only if actually received by the addressee or sent by certified or registered United States mail, return receipt requested, postage prepaid, addressed to the party for which it is intended at its address as set forth below. The person and the place to which notices are to be mailed to any party may be changed from