EXHIBIT I

POTENTIAL DEPOSITION WITNESSES

Dewayne Pierce

Identified by plaintiffs in their RCFC 26(a)(1) Disclosures as Senior Executive Vice President of Plains National Bank, who has information about the transactions at issue and the purported business purpose in this case. Jeff Isom testified on deposition that Dewayne Pierce attended, along with other representatives of the Bank, a key meeting on August 25, 1994, in which Eric Lund, Transcapital Corporation's marketing representative, made a presentation about the generic "leasehold positions" transactions that Transcapital was promoting.

Rick Martin

Identified by plaintiffs in their RCFC 26(a)(1) as the CPA with Robinson, Burdette, Martin & Cowan who prepared the tax returns for plaintiffs and related entities for the tax years at issue, and has information about the tax reporting of the transactions. Jeff Isom testified on deposition that Rick Martin attended, along with other representatives of the Bank, a key meeting on August 25, 1994, in which Eric Lund, Transcapital Corporation's marketing representative, made a presentation about the generic "leasehold positions" transactions that Transcapital was promoting.

Alan White

Alan White was the Chairman of the Board of Directors of Plains National Bank in 1994. Jeff Isom testified on deposition that Alan White attended, along with other representatives of the Bank, a key meeting on August 25, 1994, in which Eric Lund, Transcapital Corporation's marketing representative, made a presentation about the generic "leasehold positions" transactions that Transcapital was promoting. Jeff Isom testified on deposition that the Board of Directors of Plains National Bank approved the "leasehold positions" transaction with Transcapital.

John Owens

John Owens was the President and Chief Financial Officer of Plains National Bank in 1994. Jeff Isom testified on deposition that John Owens attended, along with other representatives of the Bank, a key meeting on August 25, 1994, in which Eric Lund, Transcapital Corporation's marketing representative, made a presentation about the generic "leasehold positions" transactions that Transcapital was promoting.

Joseph F. Campagna

Identified by plaintiffs in their RCFC 26(a)(1) as the President of TransCapital Corporation, the promoter, who was involved in various aspects of the investment in this case. Michael Hester testified on deposition that Joseph F. Campagna and Donald Butler, the shareholders of TransCapital Corporation, decided what transactions would be marketed and promoted. Michael Hester also testified on deposition that Campagna would determine the formula or amounts of commissions to be paid to employees and representatives of TransCapital Corporation involved in the transactions. Michael Hester also testified on deposition that Campagna frequently talked with the tax partners at the accounting firms that TransCapital used such as Robert McCahill at Price Waterhouse and Gary Hevey at KPMG Peat Marwick. KPMG Peat Marwick prepared the federal tax returns for TransCapital Corporation, its subsidiaries and the partnerships involved in the transactions.

Richard B. St. Francis

Identified by plaintiffs in their RCFC 26(a)(1) as Vice-President of Transcapital Corporation during the relevant time period and who was involved in various aspects of the transactions in this case. Was also Vice-President Transcapital Management Corporation and Transcapital Computer Corporation. Involved in the Purchase and Sale Agreement between TCLA 1994-I and TAC I, Inc., the Assignment and Assumption agreement between TCLA 1994-I and TAC, Inc., the Assignment & Assumption Agreement between Transcapital Computer Corporation and Old Colony Group, Inc., the Re-Marketing Agreement between Transcapital Computer Corporation and Old Colony Group, Inc., the Purchase and Sale Agreement between TCLA 1994-I and Transcapital Computer Corporation, the Assignment and Assumption agreement between TCLA 1994-I and Transcapital Computer Corporation, the Purchase and Sale Agreement between Mithril Corporation and TCLA 1994-I, the Assignment and Assumption agreements between Mithril Corporation and TCLA 1994-I, the Security Agreements between Mithril Corporation and TCLA 1994-I, the Master Lease Agreement between Mithril Corporation and TCLA 1994-I, the Collateral Lease Assignments between TCLA 1994-I and Mithril Corporation, the limited partnership agreement between Transcapital Management Associates Limited Partnership XII and Transcapital Leasing Associates IX creating TCLA 1994-I, the Lease Rental Purchase Agreement between TCLA 1994-I and Aardan Leasing Corporation, the subscription agreement between TCLA 1992-IX and Plains Financial Corporation, and the Shareholders Agreement between Plains National Bank and TCLA 1992-IX.

Francis M. Kennedy

Was President of Old Colony Group, Inc. Has knowledge concerning various matters relevant to this case, including but not limited to: the Purchase and Sale Agreement between Transcapital Computer Corporation and Old Colony Group, Inc., the Assignment and Assumption Agreement between Transcapital Computer Corporation and Old Colony Group, Inc., the Re-Marketing between Transcapital Computer Corporation and Old Colony Group, Inc., and the Security Agreement between Old Colony Group, Inc. and Marine Bank of Springfield.

Jay Zukerman

Identified by plaintiffs in their RCFC 26(a)(1) as the General Counsel of Transcapital Corporation during the relevant time period and who was involved in various aspects of the investment in this case. Involved in structuring the transactions at issue. Michael Hester testified on deposition that Jay Zukerman knew the people at Equilease Corporation and Mithril Corporation. Michael Hester also testified on deposition that Zukerman would have known in 1994 who the limited partner of Okoma Enterprises L.P., what entity absorbed the income with respect to the transactions with Plains National Bank, and the amounts of funds to be paid to the various entities involved in the transactions.

Jon T. Flask

Identified by plaintiffs in their RCFC 26(a)(1) as partner of Haight, Tramonte, Sicialano & Flask, P.C., the law firm that issued the tax opinion letter on the transactions at issue in this case. Michael Hester testified on deposition that when Jay Zukerman became General Counsel of Transcapital Corporation, Flask became a partner at Haight, Tramonte, Sicialano & Flask and that firm began preparing the tax opinions on the Transcapital transactions that were formerly done by Grossman and Flask when Jay Zukerman worked at Grossman and Flask.

Dali Masud

Identified by plaintiffs in their RCFC 26(a)(1) as Secretary/Treasurer of Aardan Leasing Corporation and who was involved in various aspects of the transactions in this case. Involved in the Lease Rental Purchase Agreement between TCLA 1994-I and Aardan Leasing Corporation under which TCLA 1994-I purportedly sold its rights to receive the underlying lease rents pertaining to both the Carolina Freight Carriers Corporation and Blue Cross Blue Shield of North Dakota lease positions to Aardan Leasing. Was Secretary/ Treasurer of MBP Administration, Inc., which was the General Partner of Okoma Enterprises, L.P. Signed an amendment to the limited partnership agreement of TCLA 1992-IX on behalf of Okoma Enterprises, L.P. Okoma was the 99 percent limited partner of TCLA 1992-IX, which was the 99 percent limited partner of TCLA 1994-I. Okoma allocated the income 99 percent of the rental income from the partnership transactions to the Iowa Tribe of Oklahoma.

Marlene Freedman

Vice-President of Equitable Leasing Company, Inc. Signed the Re-Marketing Agreement between IFC, Inc. and Equitable Leasing Company, Inc. concerning the Unisys computer equipment on lease to Blue Cross Blue Shield of North Dakota.

Joel Klein

Identified by plaintiffs in their RCFC 26(a)(1) as Vice-President of Mithril Corporation and General Partner of Capital Asset Partners and who was involved in various aspects of the transactions in this case. Was also General Partner of Stamford Leasing Associates. Signed the Purchase Agreement between Capital Asset Partners and TAC I, Inc., the Purchase and Sale Agreement between Mithril Corporation and TCLA 1994-I, the Assignment and Assumption agreements between Mithril Corporation and TCLA 1994-I, the Security Agreements between Mithril Corporation and TCLA 1994-I, and the Collateral Lease Assignments between TCLA 1994-I and Mithril Corporation.

Joel Mallin

Was President of Equilease Corporation and Equitable Leasing Company, Inc. and may have knowledge concerning various aspects of this case, including the transactions involving Equilease Corporation, Equitable Leasing Company, Inc., Mithril Corporation, and Aardan Leasing Corporation, and why Transcapital Corporation apparently paid First Florida Leasing Corporation more than $600,000 from the proceeds of the transactions at issue.

Ralph E. Page

Identified by plaintiffs in their RCFC 26(a)(1) as former employee of Marshall and Stevens, Incorporated, who issued appraisals of the computer equipment to Transcapital Corporation, the promoter, in this case.

B. J. Wilkinson

Was President of MBP Administration, Inc., which was the General Partner of Okoma Enterprises, L.P. Signed the limited partnership agreement of TCLA 1992-IX on behalf of Okoma Enterprises, L.P. Okoma was the 99 percent limited partner of TCLA 1992-IX, which was the 99 percent limited partner of TCLA 1994-I. Okoma allocated the income 99 percent of the rental income from the partnership transactions to the Iowa Tribe of Oklahoma.

Former or current Tribal Council Member of the Iowa Tribe of Oklahoma

The Iowa Tribe of Oklahoma was the 99% limited partner of Okoma Enterprises, L.P. Okoma was the 99% limited partner of TCLA 1992-IX, which was the 99% limited partner of TCLA 1994-I. Okoma allocated the income 99 percent of the rental income from the partnership transactions to the Iowa Tribe of Oklahoma, which is not subject to U.S. income tax. May have knowledge about the financial interests and reasons that the Iowa Tribe became the 99% limited partner of Okoma Enterprises.