IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **(1) TransCapital Leasing Associates 1994-I L.P.**, a Delaware limited partnership, **(2) Plains Capital Corporation,** a Texas corporation and its subsidiaries including **(3) PlainsCapital Bank,** a Texas banking association, f/k/a Plains National Bank, and **(4) Plains Financial Corporation,** a Texas corporation, A PARTNER OTHER THAN THE TAX MATTERS PARTNER **Plaintiffs,** | § | **CASE NO. 06-24-T** **Judge Marian Blank Horn** |
| v. | § | |
| **United States of America, Defendant.** | § | |

**PLAINTIFFS' RESPONSE TO MOTION OF UNITED STATES FOR LEAVE TO ENLARGE THE NUMBER OF ALLOWABLE FACT DISCOVERY DEPOSITIONS AND EXTEND THE DISCOVERY DEADLINE**

Plaintiffs agree in part and oppose in part the United States' Motion for Leave to Enlarge the Number of Allowable Fact Discovery Depositions and Extend the Discovery Deadline (the "Motion") to the extent that the Government requests an additional 4 months of fact and expert discovery and an additional 12 depositions. Specifically, Plaintiffs do not oppose an additional 5 depositions, an additional 30 days of fact discovery, and an additional 60 days of expert discovery.

In support, Plaintiffs would show the Court as follows:

## ARGUMENT

### A. The Government failed to show a particularized need for an additional 12 depositions

In its Motion, the Government requested that its discovery limit of 10 depositions be enlarged to 22. (Def.'s Mot. 20.); *see* R.C.F.C. 30(a)(2)(A) (providing the presumptive limit of

10 depositions per party). In order for a court to alter the number of depositions, it must find a particularized showing of need. In so finding, the court must consider: (i) whether the discovery is necessary, (ii) whether the party seeking the discovery has had an opportunity to obtain the discovery, and (iii) whether the benefit of the discovery outweighs the burden. *See* RCFC 26(b)(2).

In this case, an additional 12 depositions is unnecessary and would not produce any information that Defendant's counsel has not already obtained or has had the opportunity to obtain. As of the date of this response, the Government has taken the depositions of the following 6 individuals:

1. Jeffrey Isom (Plains Capital Corporation)
2. Donald Butler (TransCapital Corporation)
3. Michael Hester (TransCapital Corporation)
4. Eric Lund (TransCapital Corporation)
5. Joel Mallin (formerly associated with Equilease)
6. Joel Klein (Equilease)

With 4 depositions remaining, Defendant's counsel has noticed the Iowa Tribe of Oklahoma for deposition on Wednesday, May 22. It will also take the depositions of Plaintiffs' two experts. As a result, Defendant's counsel has 1 deposition remaining if its request for enlargement is not granted.

On Exhibit I to its Motion, the Government lists 16 additional potential deponents. Most of the individuals and entities listed on Exhibit I to the Motion, however, would not yield any more information than the Government already has obtained, or had an opportunity to obtain, from other sources. Exhibit I names Joel Klein, Joel Mallin, and the Iowa Tribe of Oklahoma,

who the Government has already deposed or will depose soon. Exhibit I names Dewayne Pierce, Rick Martin, Alan White, and John Owens, who may have all been present at a meeting held by Eric Lund. But both Eric Lund and Plaintiff's key witness, Jeffrey Isom, have already been deposed regarding this meeting. Finally, Dali Masud, Marlene Freedman,[1] Francis M. Kennedy, or B.J. Wilkinson did not have any direct dealings with Plaintiffs Plains Capital Corporation or its subsidiaries, PlainsCapital Bank f/k/a Plains National Bank and Plains Financial Corporation ("Plaintiff Bank"), and cannot provide any information that is relevant to Plaintiff Bank's economic and investment reasons for entering the transactions.

In light of the fact that 11 of the potential deposition witnesses on the Government's Exhibit I can easily be disregarded, an additional 12 depositions do not seem necessary or warranted. Although Plaintiff is unsure that the remaining 5 deponents on Exhibit I will provide any more information than the Government already has obtained or had the opportunity to obtain, Plaintiff is willing to consent to an additional 5 depositions to the Government for a total deposition number of 15.

**B. <u>Plaintiffs consent to the Discovery Deadline being extended</u>.**

In its Motion, Defendant's counsel requested an additional four months of fact and expert discovery. (Def.'s Mot. 20.) In the last Joint Status Report filed with the Court on March 26, 2007, Plaintiffs offered an additional 30 days of discovery. In light of the difficulty we have found in scheduling the depositions of third party witnesses and experts, Plaintiffs' counsel does not oppose an additional 30 days of fact discovery and an additional 60 days of expert discovery. This consent is not to perpetuate delay, but rather to serve the interests of justice. These

---

[1] In addition, Defendant's counsel deemed Dali Masud and Marlene Freedman so insignificant in a prior case that, while both had similar roles in that case, Defendant's counsel did not attempt to depose them

extensions would allow more than enough time for both sides to effectively wind up discovery and prepare for an efficient trial.

**PRAYER**

Plaintiffs respectfully request the Court (i) to deny the Motion of the United States for Leave to Enlarge the Number of Allowable Fact Discovery Depositions and Extend the Discovery Deadline to the extent that the Government requests an additional 4 months of fact and expert discovery and an additional 12 depositions, (ii) to grant an additional 5 depositions, an additional 30 days of fact discovery, and an additional 60 days of expert discovery, and (iii) to award Plaintiffs with any further relief to which they may be entitled.

Respectfully submitted,

By: s/M. Todd Welty

M. TODD WELTY
Texas State Bar No. 00788642
MICHAEL E. MCCUE
Texas State Bar No. 13494150
TARA C. CAMPBELL
Texas State Bar No. 24043452

MEADOWS, COLLIER, REED
COUSINS & BLAU, L.L.P.
901 Main Street, Suite 3700
Dallas, TX 75202
(214) 744-3700 Telephone
(214) 747-3732 Facsimile
twelty@meadowscollier.com
mccue@meadowscollier.com
tcampbell@meadowscollier.com
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2007, I caused a copy of the foregoing Response to Motion of United States For Leave to Enlarge the Number of Allowable Fact Discovery Depositions and Extend the Discovery Deadline to be electronically filed with the Clerk of the Court using the CM/ECF system. I also certify that on May 21, 2007, I have sent this filing by the below-indicated means to:

***Via Federal Express***
WAYMON G. DUBOSE, JR.
Attorney of record
Tax Division
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
214/880-9721 Telephone
214/880-9741 Facsimile
waymon.g.dubose@usdoj.gov

/s/ M. Todd Welty
M. Todd Welty